ELSIE STUART DODGE PATTEE, as Executrix, etc., of EMMA HARPER DODGE, Deceased, Respondent, *v.* HENRY SLEEPER HARPER and Others, as Executors, etc., of JOSEPH W. HARPER, Deceased, and Others, Appellants.

First Department, May 17, 1918.

**Executors and administrators — " judicial settlement," what constitutes — limitation of action upon claim by legatee.**

Where a final decree of a Surrogate's Court was entered in accounting proceedings in 1900, directing the distribution of all moneys on hand to the persons entitled thereto, save a certain sum which the executors were directed to retain to meet the expenses of defending any suit which might be brought to recover a legacy claimed by the plaintiff, there was a " judicial settlement," within the meaning of section 2514 (now 2768) of the Code of Civil Procedure, and the plaintiff's claim is barred under

section 1819 of the Code of Civil Procedure by the six-year Statute of Limitations which began to run in 1900, although another decree was entered in 1916, without prejudice to the enforcement of payment of the legacy.

As the person claiming the legacy was a party to the accounting proceeding, the account became conclusive as to her, even though the decree did not undertake to pass finally upon the validity of her legacy or whether she was entitled to the same over and above the amount of her note held by the estate.

APPEAL by the defendants, Henry Sleeper Harper and others, as executors, and others, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1918, as sustains plaintiff's demurrers to the first, second and third defenses set up in the answer and denies the motion of certain of the defendants for judgment on the pleadings.

*Joseph H. Choate, Jr.,* of counsel [*Evarts, Choate & Sherman,* attorneys], for the appellants.

*Benoni B. Gattell* of counsel [*Henry A. Jones* with him on the brief; *Crawford & Tuska,* attorneys], for the respondent.

DOWLING, J.:

The plaintiff, as executrix of Emma H. Dodge, deceased, brought this action to recover a legacy of $1,000 bequeathed to her testatrix by Joseph W. Harper, deceased. Harper died July 21, 1896, leaving a last will and testament which was admitted to probate by the Surrogate's Court, New York county, October 17, 1896, and on the same day letters testamentary were issued to Henry S. Harper, George L. Rives and John F. Phayre, who qualified and took possession of testator's personal estate. Emma H. Dodge died January 31, 1914, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court, New York county, November 30, 1914, and letters testamentary were issued to plaintiff. The complaint sets forth that after the expiration of one year from the granting of the letters testamentary upon the estate of Joseph W. Harper, " plaintiff duly demanded from the defendant executors of said estate, and of the other defendants above named, the payment of the

said legacy bequeathed to plaintiff's intestate, but said defendants refused to pay the said legacy and have ever since refused to pay the same." It is further alleged:

"6. On or about February 8, 1900, the executors defendants filed an intermediate account and a decree was in the proceeding thereon on March 30, 1900, entered in the Surrogate's Court of New York County in and by which it was provided that said executors should hold the sum of $2,500, among other things, to pay any judgment which might be recovered in any action which might be brought by said Emma Harper Dodge to recover her aforesaid legacy — it being by said decree further provided as follows: ' and it is further Ordered, Adjudged and Decreed that upon said executors making the payments hereinabove directed to be made, they be released and discharged from all further liability as to all matters embraced in this accounting, except said sum of twenty-five hundred dollars ordered to be retained as aforesaid.'

"7. On or about the 10th day of May, 1916, a final account of the proceedings of the executors defendants was had and a final decree was in said proceedings on that day duly entered in the Surrogate's Court of New York County judicially settling the accounts of said executors, which on or about the 20th day of June, 1916, was duly resettled so as to provide as follows: ' and it is further Ordered, that this decree be made without prejudice to any right which the legal representatives of Emma Harper Dodge may have to compel the payment of the legacy bequeathed to her by the late Joseph W. Harper.' "

It is then set forth that the balance of the estate (amounting to more than enough to pay the legacy) was paid over to the residuary legatees (who are made defendants herein), who took the same with notice of the claim of plaintiff's testatrix to the legacy and of the fact that it had not been paid, and who indemnified the executors as a condition for the payment of the residue to them.

The three defenses demurred to are intended to set up the Statute of Limitations, the first defense setting up the six years' statute, the second, that of three years and the third that of ten years. After pleading the death of Harper, the

probate of his will and the grant of letters to his executors, the first defense alleges (the allegations being repeated in each of the other defenses):

" V. On or about the 2nd day of November, 1899, the defendants executors presented to the Surrogate's Court of the County of New York their petition verified the same day, praying for a judicial settlement of their accounts as executors, for the issuance of a citation to Emma Harper Dodge, plaintiff's testatrix and other persons interested in the estate and for other and incidental relief. Thereafter a citation was duly issued by said Surrogate's Court dated the same day and directed, amongst others, to said Emma Harper Dodge, and said citation was thereafter duly served upon her. At or about the time of the filing of the petition aforesaid, the defendants executors filed in said Surrogate's Court an account of their proceedings as executors, verified on or about the 2nd day of November, 1899. Schedule G of said account, after mentioning the legacy under the will of said Joseph W. Harper to said Emma Harper Dodge, stated ' after the death of the testator the executors found among his papers — and they included in the inventory of his estate — a promissory note of the said Emma Harper Dodge for $1,000, dated September 16, 1886, and payable twelve months after date * * *. The legacies to the above named Emma Harper Dodge and Richard S. Peck being equal to or greater than the said notes, the executors are in doubt as to whether the said legacy should be paid, or whether the same should be set off against the amounts represented by said notes, and they submit this question to the decision of the Court.'

" VI. Thereafter and on or about the 30th day of March, 1900, a final decree was entered in said accounting proceedings, dated on said day. Said decree after reciting that the citation was duly served upon said Emma Harper Dodge, stated the account of the executors, ordered that ' the said account be and the same is hereby judicially settled and allowed as filed and adjusted ' and directed the distribution of all moneys on hand to the persons entitled thereto, save the sum of $2,500, which the executors were directed to retain to meet, among other expenses, the expenses of defending any suit

which might be brought to recover said legacy of Emma Harper Dodge and of paying any judgment therein; and discharged and released the defendants executors from all further liability as to all matters embraced in said accounting upon making the payments directed in said decree. The defendants beg leave to refer upon the trial to said decree for a full and precise statement of the contents thereof.

" VII. The defendants executors duly made all payments directed by said decree and no proceeding or action has ever been brought by said Emma Harper Dodge or her successors in title or the plaintiff to recover the said legacy, except the present action, in which the summons was issued on April 16, 1917."

It is conceded that the limitation applicable to this action is provided by section 1819 of the Code of Civil Procedure as follows: " If, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy, or distributive share, the person entitled thereto may maintain such an action against him, as the case requires. But for the purpose of computing the time, within which such an action must be commenced, the cause of action is deemed to accrue, when the executor's or administrator's account is judicially settled, and not before."

The time within which such an action must be commenced (if the exception does not apply) is six years. (*Butler* v. *Johnson*, 111 N. Y. 204.) Plaintiff's claim is, therefore, barred by the statute, unless she can bring herself within the special exception, to determine which requires a decision as to what constitutes a judicial settlement of an executor's accounts. The answer to this question is furnished by section 2514 (now 2768) of the Code of Civil Procedure as it existed on March 30, 1900, when the first decree referred to was made. That section (so far as applicable) then read as follows:

" 8. The expression, ' judicial settlement,' where it is applied to an account, signifies a decree of a surrogate's court, whereby the account is made conclusive upon the parties to the special proceeding, either for all purposes, or for certain purposes specified in the statute; and an account thus made conclusive is said to be ' judicially settled.'

" 9. The expression ' intermediate account,' denotes an account filed in the surrogate's office, for the purpose of disclosing the acts of the person accounting, and the condition of the estate or fund in his hands, and not made the subject of a judicial settlement." (See Laws of 1880, chap. 178, § 2514.)

While the complaint terms the account in 1900 an " intermediate " account, it admits that a decree was made thereon by the Surrogate's Court, and the portion of the decree quoted in the complaint shows that the proceeding was not an intermediate accounting within the meaning of the Code, but that the account of the executors was in fact judicially settled, as is set forth in the defenses demurred to; and that was the prayer of the executors in their petition, viz., that their accounts might be judicially settled and allowed. Thus the proceeding came within the provision of the second sentence of section 1819 and the six-year period began to run March 30, 1900. Emma H. Dodge was a party to the accounting proceeding. Thus the account became conclusive as to her, even though the decree did not undertake to pass finally upon the validity of her legacy, or whether she was entitled to the same over and above the amount of her note. It is immaterial for what reason the surrogate then declined to pass on the payment of her legacy. Whether he felt he was without jurisdiction to determine whether her legacy should be paid to her, in view of the fact that the executors set up an offset in the shape of a note whose validity he could not determine, or whether his action amounted to a rejection of her right to payment — the effect was the same. The section does not postpone the running of the statute until the account of the executors is finally settled, approved or passed, or until the surrogate has determined the validity of the legatee's claim. It only extends the date when the statute begins to run until the executor's account has been judicially settled, which means not merely the filing of an account, but the passing upon the account by the surrogate and the entry of his decree thereon, which in this case happened March 30, 1900.

Under the legatee's contention there would be no statute of limitation whatever applicable to her case. For the final decree had been made without definitely passing upon her right to payment, and there is no power to set the statute

running.   On the other hand, if the final decree had rejected her claim, no statute could be set in operation to aid her, for the decision of the surrogate would have been final, as would have been his decree that she be paid. It seems reasonable to believe, therefore, that the statute means exactly what it says and that when the executors' account was judicially settled on March 30, 1900, even though her rights were not finally determined by the decree, the period of limitation began to run and she could not suffer it to expire save at her peril and the barring of her claim.   The provision in the decree of May 10, 1916, that it was made " without prejudice to any right which the legal representatives of Emma Harper Dodge may have to compel the payment of the legacy bequeathed to her by the late Joseph W. Harper " of course conferred no new rights upon her, and if the conclusion heretofore reached be correct, her rights had been barred by the statute more than ten years before this last decree was made.

The order appealed from is reversed, with ten dollars costs and disbursements and the motion of the defendant executors and of Henry S. Harper individually for judgment on the pleadings is granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.