■ In the Matter of the Claim of DOROTHY BERNSLEY, Respondent, v. TELEMARINE COMMUNICATIONS CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 18, 1971, which allowed a claim for death benefits. The decedent was the principal in the appellant corporation and also in 140–142 West Broadway Corporation, appellant corporation's landlord. He became involved in a prolonged period of discussion and negotiation with the city over a vault tax assessed against 140–142 West Broadway Corporation and paid by appellant. During an emotional discussion of the tax problem with his brother, he died from cardiac failure. There is substantial evidence to support the board's finding that the problems over the vault tax arose out of and during the course of decedent's employment with appellant and that the emotional strain and anxiety from dealing with the tax problems caused decedent's death. (*Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Quill* v. *Transport Workers Union,* 35 A D 2d 860, mot. for lv. to app. den. 28 N Y 2d 482.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.

■ In the Matter of the Claim of ROBERT ROSENTHAL, Respondent, v. ZARKIN MACHINE COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding compensation for permanent total disability and charging the liability therefor to the appellant insurance carrier. The claimant, a mill machine operator, lost the use of his left hand in an industrial accident on January 15, 1966. Previously, as the result of a 1942 operation for the removal of a cyst at the base of his brain, the claimant had been left paralyzed on the right side so that he was unable to work with his right hand. It is not disputed here that claimant is now totally disabled, only that the award for such disability should not have been charged solely to the appellants but rather should have been assessed against the Special Disability Fund under either section 15 (subd. 8, par. [c]) or 15 (subd. 8, par. [d]) of the Workmen's Compensation Law. The appellants, however, did not raise this issue in their application for review, albeit that they did raise it orally during their hearing before the board, and the board did not directly pass on this question in its decision. Nevertheless, it would seem on the facts already presented in this case that with a proper development of the record the appellants might well be able to establish liability of the Special Disability Fund under either section 15 (subd. 8, par. [c]) or 15 (subd. 8, par. [d]) and, accordingly, in the interests of justice the matter should be remanded to the Workmen's Compensation Board to provide an opportunity to consider fully the question of the Special Disability Fund's liability (*Matter of Natoli* v. *Smith Corona Marchant Corp.,* 39 A D 2d 995). Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, without costs. Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.