■ In the Matter of the Claim of MARIO MILLETICH, Respondent, v INTERNATIONAL TERMINAL OPERATING COMPANY, Respondent, and LUCKENBACH STEAMSHIP COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed July 31, 1975, which apportioned liability to claimant among three employers. Claimant, a longshoreman from 1929 to 1968, quit work on July 20, 1968. In October, 1970 he was medically certified as suffering from, among other things, pulmonary emphysema which was work related. On April 5, 1971 claimant filed a claim wherein he stated that he last worked on July 20, 1968 and gave June, 1969 as the date of his disablement. At the first hearing on May 25, 1971, at which claimant and his last employer, International Terminal Operating Company (ITO) were represented, no issues were raised. At an adjourned hearing the referee found that the disease was occupationally related (Workmen's Compensation Law, § 3, subd 2, par 29). The date of disablement was fixed as July 28, 1968. Thereafter, pursuant to section 44 of the Workmen's Compensation Law, ITO requested apportionment against two of claimant's prior employers, McGrath and Luckenbach. The referee apportioned liability as follows: 42.07% for Luckenbach; 33.53% for McGrath; and 24.40% for ITO. The board affirmed the referee's decision and these appeals ensued. The sole issue is whether ITO, claimant's last employer, is estopped from seeking apportionment because it failed to raise the issue of whether the claim was barred by the provisions of section 28 of the Workmen's Compensation Law, which provides that a claim based on an occupational disease must be filed within two years of the date of disablement. Herein, since the date of disablement was fixed as July 28, 1968 and the claim was filed on April 5, 1971, the claim would have been barred and, of course, apportionment mooted, *had* ITO raised the statutory defense. However, the claim retained its vitality since both ITO, the last employer, and its carrier waived the statutory bar by failing to raise the objection at the first hearing (Workmen's Compensation Law, § 28). Appellants do not contest on these appeals that they were prior employers of claimant and thus liable for apportionment under section 44. Rather, they contend that having failed to protect

them by raising the statutory objection, ITO is estopped from seeking apportionment. In our view neither the doctrine of laches nor the traditional principles of equitable estoppel is applicable to the factual pattern herein. Apart from the fact that laches does not apply because apportionment under workmen's compensation is not an equitable remedy, there is no evidence that appellants changed their position or took any action in reliance on the conduct of ITO. Further, since only ITO had a right to appear at the first hearing on the claim (Workmen's Compensation Law, § 44), and there could be no way of knowing what date the referee would find as the date of disablement, appellants are unable to contend with certainty that ITO's failure to raise the statutory defense worked to their disadvantage. Next, aside from not raising the statutory exception based on time limitations, ITO did not litigate the issue of the date of disablement, probably because a finding that June, 1969 (given by claimant as date of disablement) was the correct date would not have barred the claim (filed April 5, 1971) and, as asserted by ITO, it believed that October, 1970, the date of diagnosis, would be fixed as the date of disablement, and thus the claim would have been timely filed. Given these facts, the application of the equitable principles of estoppel would be inappropriate. Decision affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.