■ In the Matter of the Claim of BETTY PARIETTI, Respondent, v DELLWOOD COUNTRY CLUB, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed November 20, 1980 and October 30, 1981. Claimant sustained a compensable back injury in 1965. Despite surgery, medication and other medical treatment, claimant has been unable to return to work, except for a brief period of part-time work shortly after the accident. Subsequent medical reports reveal that in addition to low and mid-back pain, claimant complained of neck pain and often wore a cervical collar. By decision filed February 11, 1976, the board approved a lump-sum nonschedule award of $15,000, based upon a finding that claimant was permanently partially disabled, and the case was closed. Thereafter, the board directed that the matter be reopened to determine whether there had been a change in claimant's condition not contemplated in the lump-sum award. Ultimately, the board ruled that there had been a change in claimant's condition, rejecting the carrier's contention that claimant was guilty of laches and that there was no change in claimant's condition since her neck condition was considered in the lump-sum award. In view of the carrier's argument that claimant's neck condition was considered in the lump-sum award, its further contention that claimant was thereafter guilty of laches in seeking compensation for her neck condition is meritless. In any event, the record reveals that the carrier was aware of claimant's neck condition shortly after it manifested itself, and, therefore, there is substantial evidence to support the board's finding of no prejudice to the carrier. The evidence supports the carrier's argument that claimant's neck condition was considered in the lump-sum award, but in view of the medical evidence that subsequent to the award, which was based upon a permanent *partial* disability, claimant's condition rendered her permanently *totally* disabled, there is a rational basis for the board's finding of a change in her condition not contemplated in the lump-sum award (see *Matter of Scheiber v Simon & Co.*, 25 AD2d 588, affd 19 NY2d 619). It should be noted that the carrier has never contested

the causal relationship between claimant's neck condition and the industrial accident. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.