In the Matter of the Claim of GEORGE TAYLOR, Appellant, v VASSAR COLLEGE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, June 16, 1988

## APPEARANCES OF COUNSEL

*George Taylor,* appellant *pro se.*

*Plunkett & Jaffee, P. C. (Lawrence Praga* of counsel), for Vassar College, respondent.

### OPINION OF THE COURT

MERCURE, J.

Claimant contends that his employment was terminated on March 17, 1977 because he sustained a compensable injury. Workers' Compensation Law § 120[1] forbids employers from discharging or otherwise discriminating against employees who claim compensation for job-related injuries or who testify in proceedings to enforce such payment *(see, Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 5). Its violation subjects the employer to a statutory penalty and entitles the mistreated employee to be reinstated and reimbursed for any wages lost as a result of the discrimination[2] *(supra).*

Claimant filed a claim pursuant to section 120 on January 28, 1986, nearly nine years following his discharge. At that time and until the 1987 amendment to section 120 *(see,* L 1987, ch 436), no specific Statute of Limitations was provided for the filing of section 120 claims. Section 120 as amended, applicable to discharges or discrimination occurring on and after October 25, 1987 *(see,* L 1987, ch 436, § 2), provides that "[a]ny complaint alleging * * * an unlawful discriminatory practice must be filed within two years of the commission of such practice". Following a hearing, a Workers' Compensation Law Judge dismissed the claim upon the ground that it was untimely filed pursuant to CPLR 213 and 214. The Workers' Compensation Board modified that determination, holding that neither the provisions of CPLR article 2 nor Workers'

---

1. All statutory references shall be to the Workers' Compensation Law unless indicated to the contrary.

2. Section 120 was amended effective October 25, 1987 *(see,* L 1987, ch 436) so as to add lost compensation benefits to the damages recoverable by a claimant. The former law applies here.

Compensation Law § 28 were applicable, but that claimant had ample opportunity to file a discrimination claim and that filing the claim almost nine years after the alleged violation was prejudicial to the employer. Claimant was accordingly found guilty of laches and the claim was disallowed. Claimant appeals.

■ The Board correctly determined that the CPLR does not apply to section 120 claims. The courts have repeatedly held that a proceeding under the Workers' Compensation Law is not an action or special proceeding under the CPLR *(see,* CPLR 101) or the former Civil Practice Act, but a statutory proceeding having its own rules as to limitations *(see, Matter of Decker v Pouvailsmith Corp.,* 252 NY 1, 6; *Matter of Luoma v Spearin, Preston & Burrows,* 282 App Div 612, 615, *affd* 307 NY 728; *see also, Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80, 82-83). Accordingly, Statutes of Limitation set forth in the CPLR will not be applied to claims arising under the Workers' Compensation Law.

We further conclude that the two-year Statute of Limitations of section 28 does not bar the claim. That section, by its very terms, applies to claims for compensation and fixes the date of the accident or death as the commencement of the limitations period. It is an unlawful discriminatory practice, an entirely different occurrence, which precipitates a section 120 claim. We are constrained to find that at the time of the filing of this claim there was no Statute of Limitations applicable to section 120 claims, a view amply supported by the Legislature's subsequent amendment of the section so as to provide a limitations period.

■ In our view, the doctrine of laches, generally applicable only in suits in equity *(see,* 36 NY Jur, Limitations and Laches, § 154, at 141-142), may be applied in proceedings under the Workers' Compensation Law *(see, e.g., Matter of Carney v Newburgh Park Motors,* 84 AD2d 599, 600; *Matter of Kinsey v Union Free School Dist. No. 1,* 63 AD2d 1097, 1098, *lv denied* 46 NY2d 713; *cf., Matter of Sinacore v Dreier Structural Steel,* 97 AD2d 659; *Matter of Parietti v Dellwood Country Club,* 91 AD2d 806), provided that the remedy is equitable in nature *(see, Matter of Milletich v International Term. Operating Co.,* 57 AD2d 660, 661, *lv denied* 42 NY2d 810). The remedy under section 120 of reinstatement to prior employment, taking the form of a mandatory injunction, is clearly equitable in nature.

Neglect to assert a right for an unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party, operates as a basis for the doctrine of laches *(see,* 36 NY Jur, Limitations and Laches, § 154, at 142-143). Mere delay, however long, without the necessary elements to create an equitable estoppel, does not preclude the granting of equitable relief *(see, Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318; *Marcus v Village of Mamaroneck,* 283 NY 325, 332; *Kraker v Roll,* 100 AD2d 424, 432). Whether the doctrine is applicable depends on the facts of each case, and a significant factor is whether a claimant has inexcusably delayed in asserting his rights, while to his knowledge the opposing party has changed its position to its irreversible detriment *(Groesbeck v Morgan,* 206 NY 385, 389; *Orange & Rockland Utils. v Philwold Estates,* 70 AD2d 338, 343, *mod* 52 NY2d 253).

Our review of the record discloses no evidence to support the Board's finding that the employer was prejudiced by claimant's delay in filing the claim. In fact, no representative of the employer testified at the hearing before the Workers' Compensation Law Judge. Considering that the issue of laches was not raised prior to the Board's determination, the absence of proof on the issue is not surprising. Because the Board's determination of the administrative appeal on a ground not previously raised or considered deprived the employer of an opportunity to present evidence on the question of prejudice, we must reverse and remit for a further hearing on that issue *(see, Matter of Rosenthal v Zarkin Mach. Co.,* 40 AD2d 745).

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Decision reversed, with costs against the employer, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.