OPINION OF THE COURT
C. Raymond Radigan, J.
Does a stepmother’s failure to inform decedent’s children they were remembered in their father’s will give rise to a cause of action to recover damages for emotional distress? If so, may that proceeding and one to recover their legacy be maintained by the children against the executors of the stepmother’s estate 19 years after the father’s death? Answers to these questions are required by this motion for dismissal of a proceeding to compel an accounting on the grounds the claims are barred by the Statute of Limitations and loches and for the reason the claim for damages for emotional distress fails to state a cause of action.
Petitioners are the children of Vernon Seaman who died in 1968 leaving a will designating his second wife as executrix and as guardian of the person and property of his children. When their father died, petitioner, Penny Seaman Henrich, was 16 years old and her brother Barry was 21. He signed a waiver of citation in the probate proceeding and a guardian ad litem was appointed for Penny. His report found the will was properly executed and recommended its admission to probate. The will bequeathed a spinet piano to Penny, decedent’s jewelry to his son, and directed the Seaman family heirlooms to be shared by the children. The remainder of the estate was left by decedent to his surviving spouse Audrey Seaman.
Petitioner Penny Henrich states that nine years after her father’s death her stepmother gave her the spinet piano (which was broken) and a spinning wheel without mentioning these items had been left to her under her father’s will. Petitioner Barry Seaman denies receiving any of the property *565 left to him, and each petitioner asserts their stepmother never told them their father had made provision for them in his will, and actually led them to believe otherwise.
Audrey Seaman died on January 15, 1987 almost 19 years after her husband. She was survived by George and Kenneth Cole, two sons from a prior marriage, who are the executors of her estate and the sole beneficiaries thereof. Following Mrs. Seaman’s death, Kenneth Cole allegedly told petitioners they had been remembered in their father’s will and petitioners allege this is the first notice they received of this fact. Petitioners thereafter filed claims against the estate of Mrs. Seaman to recover the personalty bequeathed to them or, in the alternative, for damages, and made further claim to recover damages for mental anguish and suffering based on decedent’s alleged action in telling them their father had not left them anything in his will.
When petitioners’ claims were rejected by the executors of decedent’s estate, they filed the present petition to compel an accounting. Respondent’s answer requests a judicial determination of the validity of the claim and among the several defenses interposed is the Statute of Limitations and loches.
Schedule F of the Federal estate tax return filed in petitioners’ father’s estate sets forth the following information based on appraisals:
"(A) Jewelry [items listed] 152.50
"(B) Piano [Kohler & Campbell] 300.00
"(C) Misc. Personal Effects 100.00
"Total 552.50”
The return, in addition, includes an appraisal of household articles valued at $26 covering 12 handpainted plates, 1 pitcher, 2 chocolate pots, 6 cups and saucers and 6 cake plates.
The Statute of Limitations applicable to a claim to compel a legal representative to account and to pay a legacy is six years (Butler v Johnson, 111 NY 204). However, the time within which such proceeding must be commenced does not accrue until the executor’s or administrator’s account is judicially settled (EPTL 11-1.5; Pattee v Harper, 183 App Div 88, affd 224 NY 706), or there is an open repudiation by the fiduciary of his obligation to administer the estate to the knowledge of the beneficiary (Matter of Barabash, 31 NY2d 76, 80; Matter of Menahan, 224 App Div 139; Matter of Ashheim, 111 App Div 176, affd 185 NY 609). Here, there has been no judicial settlement of the account of Audrey Seaman *566 as executor of Vernon Seaman and no act of repudiation has been advanced on her part. Consequently, the statute has not commenced to run.
The defense of loches is similarly unavailable as a matter of law. Laches is the neglect to assert a right within a reasonable period of time which taken with other attendant circumstances causes prejudice to an adverse party and operates as .a bar in a court of equity (Matter of Barabash, supra, at 81; Matter of Taylor v Vassar Coll., 138 AD2d 70, 73). The key to establishment of this defense is a showing that the delay has been prejudicial (Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318). Prejudice is not spelled out by the mere lapse of time, and whether that element is present here is essentially a factual issue that cannot be resolved on affidavits (cf., Matter of Taylor v Vassar Coll., supra, at 73).
With respect to the branch of the motion to dismiss the cause of action to recover damages for mental anguish, it must be observed that the facts pleaded and all reasonable inferences that may be drawn therefrom must be assumed true. The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society (Freihofer v Hearst Corp., 65 NY2d 135, 143; Fischer v Maloney, 43 NY2d 553, 557). Though the facts pleaded here describe action that is unkind or insensitive to humane feelings, they do not, as a matter of law or definition, rise to the level of outrageous conduct that is regarded as intolerable because barbaric, abominable or appalling. This cause is accordingly dismissed.
Motion granted to the extent of dismissing the cause of action for damages based on emotional distress, and is denied in all other respects. Note is made that this compulsory accounting proceeding should have been brought in the estate of Vernon Seaman. Inasmuch as the relief which the petition seeks is in the nature of a reverse discovery (SCPA 2105), the court, in the exercise of the powers bestowed under SCPA 202, treats the petition as a proceeding under SCPA 2105.
This matter will appear on the calendar of March 8, 1990 at 10:00 a.m. for a conference prior to any hearing that may be required..