■ In the Matter of the Claim of PHILLIP WILLIAMS, Respondent, v. STEINWAY TRUCKING COMPANY, Respondent, and NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appellant carrier contests the board's decision that it afforded coverage to respondent employer at the time of claimant's concededly compensable accident on August 25, 1961. Appellant issued to the employer its policy, effective January 5, 1961 for the term of one year, and on April 11, 1961 gave notice of cancellation, effective April 27, 1961. Although its agent at different times assigned different reasons for the cancellation, one being for nonpayment of premium, appellant's notice thereof stated none and its brief asserts that the reasons were two — first, the employer's furnishing an inaccurate payroll estimate and, second, the fact that one of his trucks was equipped to transport structural steel. The employer testified that upon receipt of the notice of cancellation, and before its effective date, he called appellant's agent to inquire the reason and was told by the agent not to worry; that it was a mistake; to send the notice to him and he would take care of it. Within a few days the employer received a routine indorsement, of no particular evidentiary importance, except as the employer testified that he received it and relied upon it as indicating that his coverage continued, and as the carrier's representative testified that an indorsement of that type would not have been issued upon a cancelled policy. More important, however, as evidencing coverage or, at least, as justifying the employer's reliance upon the agent's assurances and as warranting the board's finding of the carrier's estoppel, the employer called the agent to procure a formal certificate of workmen's compensation insurance coverage, as required by his contractor, and on April 27, 1961 such a certificate, indicating coverage expiring January 5, 1962, was issued to the contractor. Appellant concedes that the board " could, of course, upon a proper record, estop the carrier from raising the defense of 'no coverage' because the policy had been canceled ", but in arguing that only the contractor could rely on the certificate, appellant overlooks the employer's clear rights in the circumstances of a notice of cancellation without stated reasons and immediate assurances that the same was sent in error, followed by the issuance of the requested certificate, absent which the employer would have been forced to investigate further or to seek other coverage before performing his contract; all this without reference to whatever additional prejudice may have been caused by reason of the employer's

failure promptly to investigate and defend the claim now before us, in continued reliance upon the assurances of coverage. The certificate, incidentally, advised the contractor that it would be given 10 days' prior notice of any cancellation and no such notice was ever received. Further, although not found by the board and not necessary to its decision, there was evidence from which could be found the payment on July 25, 1961 of a bill for installment premiums due June 7, 1961 and July 7, 1961. Decision affirmed, with one bill of costs to respondents filing briefs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.