■ In the Matter of the Claim of THEODORE KOTOK, Appellant, v KOTOK-QUEEN CITY SEAFOOD CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1975. The board found that the claimant was not entitled to disability benefits on the ground of lack of evidence of treatment or of disability for the period claimed from November 16, 1973 to May 1, 1974. There is sufficient evidence to uphold the board's decision. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of SALVATORE FASO, Respondent, v MUSIC PERFORMANCE TRUST FUNDS, Appellant, and SPECIAL FUND FOR DISABILITY BENEFITS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 28, 1976, as amended by a decision filed July 8, 1976. Claimant seeks benefits under the Disability Benefits Law (Workmen's Compensation Law, art 9). That article excludes from coverage any "persons engaged in a professional or teaching capacity in or for a religious, charitable or educational institution" (Workmen's Compensation Law, § 201, subd 5). No one disputes that the employer is a charitable organization, but the question remains whether the claimant, a professional musician, is a "professional" within the contemplation of the statute. The board has promulgated regulations to aid in determining who is a professional (12 NYCRR 355.2 [d]). The board found that "claimant was engaged in the work of a performing instrumental musician, generally under the direction of an orchestra leader; that such work is not original and creative in character". Since the question is one of interpretation of a statute within the board's area of competence, we find the board's decision to be rational and reasonable. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.