■ In the Matter of the Claim of PETER HOLMES, Respondent, v CORNELL UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 17, 1984, as amended by decision filed July 9, 1984, which found that claimant was entitled to benefits pursuant to the Disability Benefits Law.

The sole issue raised on this appeal is whether the Workers' Compensation Board erred in concluding that claimant was not excluded from coverage of the Disability Benefits Law (Workers' Compensation Law, art 9). Claimant was hired by Cornell University in March of 1978 as an admissions counselor. A non-work-related disability caused him to miss approximately two months of work during the summer of 1981. Cornell denied his application for disability benefits on the ground that he was an academic employee and therefore not eligible for disability benefits. Claimant's challenge to this denial was upheld by an administrative law judge, whose decision was affirmed by the board. This appeal by Cornell ensued.

The statutory definition of "employee" for purposes of the Disability Benefits Law excludes "persons engaged in a professional or teaching capacity in or for a religious, charitable or educational institution" (Workers' Compensation Law, § 201, subd 5). The board has promulgated regulations to further define the term *"engaged in a professional capacity"* (12 NYCRR 355.2 [d]). In this case, the board, after considering evidence submitted regarding the qualifications and job duties of the position held by claimant, concluded that he was not engaged in a professional capacity. On this appeal, Cornell points to evidence in the record tending to demonstrate that claimant was engaged in a professional capacity. However, this issue involves the interpretation of a statute within the board's area of competence such that its decision will not be set aside unless irrational (see *Matter of Faso v Music Performance Trust Funds,* 59 AD2d 983). It is clear from the record that claimant's job consisted of

counseling students and recruiting them into one of Cornell's academic divisions. Further, the evidence indicates that Cornell provided disability benefits supplementing those mandated by the Disability Benefits Law. This program was funded, in part, by deductions from covered employees' paychecks. Deductions were taken from claimant's paycheck, thus indicating that Cornell believed he was a covered employee. It was not until after claimant filed his claim that Cornell took the position that he was not a covered employee and sought to refund the amount of the payroll deductions. Based on all of these factors, it cannot be said that the board's classification of claimant's activities as nonprofessional for purposes of the Disability Benefits Law is irrational.

Decision affirmed, with one bill of costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.