■ In the Matter of the Claim of RALPH TAVANO, Respondent, v TAVANO ENTERPRISES, INC., Respondent, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD et al., Respondents. [642 NYS2d 409] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, entered April 3, 1995, which found that National Grange Mutual Insurance Company was estopped from denying workers' compensation insurance coverage to Tavano Enterprises, Inc.

In August 1991, while employed as the foreman of a blasting crew, claimant suffered various injuries, including the loss of an eye, when a blasting cap exploded. Claimant's employer had been covered since 1987 by a workers' compensation insurance policy issued by National Grange Mutual Insurance Company (hereinafter the carrier), which was due to be renewed on July 5, 1991. Prior thereto, the employer had decided to reduce the number of its employees which would, in turn, have reduced the amount of its insurance premium, and Terence Lynch, an agent for the carrier's broker, J.D. Chapman Agency, Inc., had agreed to supply the new premium figures. When the employer expressed concern that the policy might lapse before the change could be implemented, Lynch stated that he would "take care of it" so that a lapse would not occur.

Nonetheless, on July 19, 1991, the employer received a notice of cancellation from the insurer, effective August 4, 1991, for nonpayment of premium. Upon calling the agency, the employer's representative was again assured by Lynch that the latter would personally see to it that the policy did not lapse. The employer interpreted this as meaning that the policy would not be canceled on August 4, 1991, even though payment had not been remitted. Not insignificantly, Lynch subsequently issued a certificate of insurance covering a subcontract the employer had negotiated with Weston Geophysical Corporation.

On August 16, 1991, while working on the Weston project, claimant was injured. The carrier refused to provide coverage on the ground that the workers' compensation coverage of the employer had been canceled as of August 4, 1991. After administrative proceedings were had, the Workers' Compensation Board ultimately ruled that although the policy had been effectively canceled, the carrier was nevertheless estopped from disclaiming liability. The carrier appeals.

Whether estoppel lies is generally a question of fact which, in the context of this Court's review of a Board decision, must be affirmed if it is supported by substantial evidence (see, Matter of Lachover v C&A Bldrs., 199 AD2d 658). Here, the record discloses that Lynch had the authority to communicate to the employer that its insurance coverage would continue despite the nonpayment of premium, given the understanding that the policy would be renewed upon lower premium terms as soon as Lynch provided the necessary figures. The employer's representatives testified that Lynch not only provided such assurance, but also explicitly directed them to refrain from paying the original premium until the new, lower bill was received. Lynch's issuance of a certificate of insurance covering Tavano's project with Weston, one week after the cancellation notice was filed, and the carrier's issuance of a policy amendment endorsement reflecting the adjusted premium rate, after the cancellation had purportedly been effected, provided further basis for the employer's belief that its coverage remained in place pending payment of the new premium, which induced it to refrain from paying in the interim. In sum, the record evidence, considered as a whole, provides ample basis for the Board's ruling that the carrier was estopped from disclaiming liability (see, Matter of Williams v Steinway Trucking Co., 21 AD2d 932).

We have examined the carrier's remaining contentions and find that they have either not been preserved for our review or are lacking in merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.