[652 NYS2d 161]

In the Matter of the Claim of EUSEBIO ROBLES, Respondent, v SAUNDERS REALTY MOSSGOOD THEATRE CORPORATION, Doing Business as MOSSGOOD THEATRE, Respondent-Appellant, and ROYAL INSURANCE GROUP, Respondent. SPECIAL FUND FOR REOPENED CASES, Appellant; WORKERS' COMPENSATION BOARD, Respondent.

Third Department, January 9, 1997

## APPEARANCES OF COUNSEL

*Morris Lissauer,* New York City, for appellant.

*Weisman, Celler, Spett & Modlin, P. C.,* New York City *(Jesse Alan Epstein* of counsel), for respondent-appellant.

*Dennis C. Vacco, Attorney-General,* New York City *(William H. Sherman* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

CREW III, J.

Claimant was totally disabled as the result of an industrial accident that occurred on January 24, 1973. Because he was under the age of 18 at the time and was working in violation of the Labor Law, claimant was awarded double compensation benefits pursuant to Workers' Compensation Law § 14-a (1), to be paid by the employer. Thereafter, in 1983, claimant was awarded supplemental benefits pursuant to Workers' Compensation Law § 25-a (9) (a), to be paid by the employer's insurance carrier. Claimant subsequently moved to reopen his case for the purpose of determining whether the employer also was obligated to pay supplemental benefits in accordance with this provision. On September 25, 1992, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant was not entitled to supplemental benefits from the employer. Upon appeal to the Workers' Compensation Board, the Board concluded, *inter alia,* that further development of the record was needed on this issue.

Thereafter, another WCLJ ruled that the employer was required to pay supplemental benefits, and the employer appealed this decision to the Board. The Board affirmed the WCLJ's decision and subsequently issued an amended decision ruling that although the employer was responsible for paying the supplemental benefits to claimant, the employer was entitled to seek reimbursement for such payments from the Special Fund for Reopened Cases. This appeal by the employer and the Special Fund followed.*

Resolution of this matter turns upon whether the Board's interpretation of Workers' Compensation Law § 14-a (1) and § 25-

---

* The employer's appeal is from that part of the Board's decision finding it liable for paying supplemental benefits to claimant.

a (9) (a) is irrational (*see generally*, *Matter of Holmes v Cornell Univ.*, 106 AD2d 781). In this regard, Workers' Compensation Law § 14-a (1) states that: "Compensation, death benefits, and awards to the commissioner of taxation and finance in accordance with subdivision nine of section fifteen and section twenty-five-a, as provided in this article, shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor employed, permitted or suffered to work in violation of [the Labor Law or the applicable regulations]."

The Board, noting that the term "compensation" is defined as "the money allowance payable to an employee or to his dependents as provided for in this chapter" (Workers' Compensation Law § 2 [6]), deemed the supplemental benefits payable under Workers' Compensation Law § 25-a (9) (a) to be a "monetary allowance". As such, the Board reasoned, the term "compensation", as used in Workers' Compensation Law § 14-a (1), necessarily encompasses the supplemental benefits payable under Workers' Compensation Law § 25-a (9) (a). Thus, the Board concluded, claimant was entitled to have both the employer and the employer's insurance carrier pay the supplemental benefits available under Workers' Compensation Law § 25-a (9) (a).

Simply stated, we cannot say that the Board's interpretation of the relevant statutory provisions is irrational. It is well settled that the Workers' Compensation Law is to be construed liberally in favor of claimants (*see generally*, *Matter of Brozzo v St. Joe Mins. Corp.*, 175 AD2d 425, 426), and it is equally well established that the supplemental benefits afforded by Workers' Compensation Law § 25-a (9) (a) are designed to assist those "whose * * * benefits were fixed so long ago that the rates paid are obsolete and inadequate in light of today's price levels" (Governor's Approval Mem, 1968 McKinney's Session Laws of NY, at 2386). Hence, the payment of supplemental benefits has the effect of increasing a recipient's over-all level of compensation. In this regard, as the Board correctly observed, the term "compensation" is broadly defined (*see*, Workers' Compensation Law § 2 [6]), and the legislative history relative to Workers' Compensation Law § 25-a (9) (*see*, L 1968, ch 830, § 2) plainly reflects that the supplemental benefits paid thereunder are considered to be a form of additional compensation (*see*, Mem of Attorney-General, Bill Jacket, L 1968, ch 830 [purpose of amendment is to "provide for the payment of supplemental compensation" to certain persons currently

receiving benefits]). Accordingly, we see no basis for setting aside the Board's decision.

We are constrained to reach a similar conclusion regarding the Board's finding that the employer is entitled to seek reimbursement for the payment of such supplemental benefits from the Special Fund. Reimbursement to the employer is expressly authorized by Workers' Compensation Law § 25-a (9) (e). In this regard, we acknowledge that the recognized purpose of Workers' Compensation Law § 14-a is to deter employers from employing minors in violation of the Labor Law (*see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 14-a, at 501) and, hence, compelling the employer to pay the supplemental benefits available under Workers' Compensation Law § 25-a (9) (a) while permitting it to seek reimbursement for such payments under Workers' Compensation Law § 25-a (9) (e) leads to a rather absurd result. The remedy for this anomaly, however, lies with the Legislature and not the courts. The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur.

Ordered that the decision is affirmed, without costs.