Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.

**■** NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Plaintiff, v FIREMEN'S FUND INSURANCE COMPANY et al., Respondents. [673 NYS2d 906] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 4, 1998, which, in a declaratory judgment action concerning whether defendant insurers are obligated to defend and indemnify plaintiff work site owner in an underlying action for personal injuries brought by a contractor's employee, upon reargument, insofar as appealed from, denied plaintiff's motion for summary judgment and granted defendant Home's cross motion for summary judgment, unanimously affirmed, without costs.

Concerning the owners' protective policy issued by defendant Firemen's Fund naming plaintiff as an additional insured and in effect at the time of the accident, questions of fact exist as to whether such policy covered the particular project where the accident occurred; if not, whether plaintiff relied on the certificate of insurance indicating that such policy did cover such project; and, if so, whether such reliance was reasonable in view of the certificate's provision that it was issued "for information only" and "does not confer any rights upon the certificate holder", and in the absence of any affirmative assurance of coverage by Firemen's Fund other than the certificate of insurance itself (*compare, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207; *Matter of Tavano v Tavano Enters.,* 227 AD2d 836, *lv dismissed* 88 NY2d 1018). Concerning the general liability policy issued by defendant Home naming only the contractor as an insured, we reject plaintiff's argument that the certificate of insurance issued by Home, which stated that Home would "endeavor" to give the certificate holder advance notice of any cancellation of the policy, imposed a good-faith duty on Home to give plaintiff such notice, failing which Home should be estopped from denying coverage, and agree with the motion court that, as a matter of law, the certificate created no affirmative duties whatsoever (*see, Horn Maintenance Corp. v Aetna Cas. & Sur. Co.,* 225 AD2d 443). Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.

**■** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL FERNANDEZ, Appellant. [673 NYS2d 907] —Judgment, Supreme Court, New York County (Brenda Soloff, J., at preliminary appearances; Jeffrey Atlas, J., at plea and sentence), rendered December 6, 1996, convicting defendant of attempted

criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

By entering a guilty plea before a court-ordered hearing had been held on his suppression motion, defendant waived any claim that the physical evidence the People intended to use against him had been obtained through illegal search and seizure of his person (*see, People v Fernandez*, 67 NY2d 686, 688; *People v Garcia*, 244 AD2d 233). We reject defendant's contention that the suppression motion should have been granted on the papers, without scheduling a hearing thereon (*see,* CPL 710.60 [2]).

The court properly exercised its discretion in denying without a hearing defendant's motion for reassignment of counsel, inasmuch as that motion was based entirely on boilerplate assertions of neglect that were contradicted by the omnibus motion and motion to controvert the search warrant filed by defendant's assigned counsel (*People v Batista*, 191 AD2d 317, *lv denied* 81 NY2d 1011). Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.