■ In the Matter of the Claim of ELISHA KOBRE, Respondent, v CAMP MOGEN AVRAHAM, Appellant, and NATIONAL UNION INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 292] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 1, 2000, which ruled that claimant was entitled to an award of double compensation pursuant to Workers' Compensation Law § 14-a.

In August 1991, while engaged in summer employment as a junior lifeguard by Camp Mogen Avraham (hereinafter the employer), the then 15-year-old claimant suffered a severe spinal injury in a diving accident which rendered him a quadriplegic. The employer promptly filed a C-2 injury report

and litigation ensued.* After numerous hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a January 1996 decision holding, among other findings, that claimant was illegally employed at the time of the accident and, accordingly, entitled to double compensation pursuant to Workers' Compensation Law § 14-a. On review, the Workers' Compensation Board found that the record required further development on the issue of illegal employment and remitted the matter for that purpose. Following a hearing, the WCLJ again awarded claimant double compensation. The Board subsequently affirmed the WCLJ's decision and the employer appeals.

We affirm. The employer first contends that the illegal employment award is barred by the two-year statute of limitations applicable to workers' compensation cases (*see*, Workers' Compensation Law § 28) because the issue was not raised until interjected into the case by the WCLJ in his 1996 decision— over four years after the date of the accident. Workers' Compensation Law § 14-a (1) provides that the benefits awarded "shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor employed, permitted or suffered to work in violation of any provision of the labor law." We find nothing in the language of the statute to support the supposition upon which the employer relies, namely, that a claimant must file a separate claim to obtain double compensation under Workers' Compensation Law § 14-a which is subject to a limitation period independent of that of the underlying claim for benefits (*see*, Workers' Compensation Law § 14-a [1]; *see also*, Workers' Compensation Law § 28 ["The right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * *a claim for compensation shall be filed * * *"* (emphasis supplied)]). Thus, we cannot conclude that the Board's contrary interpretation of the statute is irrational (*see, Matter of Robles v Saunders Realty Mossgood Theatre Corp.*, 227 AD2d 4, 6, *lv dismissed* 89 NY2d 1030). Indeed, an illegal employment award is dependent upon the underlying claim for compensation and "differs in amount, but not in character," from ordinary benefits (*Matter of Sackolwitz v Hamburg & Co.*, 295 NY 264, 267). As the employer does not dispute the timeliness of the underlying claim, we conclude that Workers' Compensation Law § 28 does not bar claimant from seeking double recovery under Workers' Compensation Law § 14-a.

---

* Claimant's initial position that no employer-employee relationship existed ultimately was resolved against claimant by this Court (255 AD2d 636).

Claimant's argument that the illegal employment award is barred by the doctrine of laches is equally unpersuasive. An essential element of the equitable doctrine of laches is delay prejudicial to the opposing party (*see, New York Pub. Interest Research Groups v Levitt*, 62 AD2d 1074, 1075-1076, *appeal dismissed* 46 NY2d 849) and, if the party seeking to invoke the doctrine is on notice that the opposition may seek the contested relief, laches will not apply (*see, Cohen v Krantz*, 227 AD2d 581, 582). During the early stages of this litigation, the employer was represented by counsel for the workers' compensation carrier who admitted to being cognizant, throughout the proceeding, of the illegal employment issue, and that it would be addressed at some point. In fact, the record demonstrates that the issue was raised various times during the proceedings and, in each instance, the WCLJ and the parties anticipated that the legality of claimant's employment would become an issue should an employer-employee relationship be established. Moreover, following the WCLJ's initial decision finding illegal employment, the Board remitted the matter for a full hearing on the legality of claimant's employment, thereby providing the parties with ample opportunity to be heard. Finding that these circumstances refute the employer's claim that it was unfairly surprised when the focus of this proceeding turned to the issue of illegal employment and that a sufficient showing of prejudice has not been made, we hold that the doctrine of laches is inapplicable (*see, id.*; *Matter of Parietti v Dellwood Country Club*, 91 AD2d 806; *cf., Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d 725). Likewise, we find that substantial evidence exists to support the Board's determination that claimant is not estopped from seeking double compensation as the employer has not demonstrated that it rightfully relied, to its detriment, on some word or deed of claimant (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184; *Roklina v Skidmore Coll.*, 268 AD2d 765, 767, *lv denied* 95 NY2d 758; *Matter of Tavano v Tavano Enters.*, 227 AD2d 836, 837, *lv dismissed* 88 NY2d 1018).

Turning to the merits, we find that the Board appropriately determined that claimant was an illegally employed minor within the meaning of Workers' Compensation Law § 14-a. It is undisputed that claimant was 15 years old when injured, and we previously held that he was employed as a lifeguard at that time (255 AD2d 636, 638). In this state at the time of the accident, every lifeguard employed by a children's camp was required to be at least 17 years of age (*see*, 10 NYCRR former 7-2.5 [g]; *see also*, Labor Law § 131 [requiring 14 and 15 year olds to obtain a certificate of employment in accordance with

the Education Law]; Education Law § 3215 [3] [providing that no minor shall be employed in violation of any law]). The employer's reliance on claimant's Wisconsin working papers and arguments premised on comity and full faith and credit (*see*, US Const, art IV, § 1) are unavailing, given the express prohibition on claimant's employment under New York law. Finally, we reject the employer's assertion that its reasonable reliance on the foreign working papers constitutes a defense to the claim for section 14-a compensation. An employer's subjective belief is not a defense to the liability imposed by section 14-a (*see*, *Matter of Sackolwitz v Hamburg & Co.*, 295 NY 264, 269, *supra*; *Matter of Rudock v Snell*, 97 AD2d 569, 570; *Matter of Robles v Mossgood Theatre-Saunders Realty*, 53 AD2d 972).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.