Cardona, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed April 16, 2002, which ruled that C.N.A. Insurance Company is responsible for claimant’s claim for workers’ compensation benefits.
*662 Claimant was employed as a machine worker whose duties involved the repeated pressing of foot pedals. In 1997, he began experiencing pain and having difficulties with his left foot resulting in surgery in 1998. His treating orthopedist at that time, Vivian Chang, did not consider the problem to be work-related. Claimant returned to work but continued to experience foot pain. Orthopedist Gerald Ortiz began treating claimant on January 26, 1998 and diagnosed him with a nonwork-related condition of synovitis of the left ankle. However, after ordering further tests, including an MRI, he concluded on March 5, 1998 that claimant suffered from sinus tarsi syndrome in his left ankle caused by his repetitive use of foot pedals at work. Claimant thereafter filed a claim for compensation alleging that the date of injury was in November 1998. When C.N.A. Insurance Company (hereinafter CNA) received the notice of indexing of the claim for a November 1998 injury, it responded that it was improperly charged because its coverage ceased in March 1998. At the first hearing in this matter, CNA’s counsel stated that CNA was “raising all C-7 issues.”
Notably, in the course of the litigation, claimant continually asserted a March 1997 date of disablement and filled in forms to that effect including, inter alia, his application for disability benefits, first notice and proof of claim, and the employer’s accident report. Inasmuch as CNA was the responsible carrier for a March 1997 injury, CNA proceeded to defend the claim on behalf of the employer through several hearings. In a reserve decision filed January 3, 2001, the Workers’ Compensation Law Judge (hereinafter WCLJ) found that claimant suffered from an occupational disease of his left foot and listed November 25, 1998 as the date of disablement. CNA appealed that determination to the Workers’ Compensation Board, but did not specifically mention the coverage issue. In a decision filed May 2, 2001, the Board affirmed the WCLJ’s decision and continued the case.
In a letter to the Board dated May 17, 2001, CNA again raised the claim that it was not the responsible carrier for a November 1998 injury. The claim was then indexed against EBI/Royal and SunAlliance (hereinafter EBI), purportedly the responsible carrier for the employer in November 1998. Following a June 25, 2001 hearing, the WCLJ found that EBI was the proper carrier, the employer had been adequately represented by CNA during the proceedings and, accordingly, made the workers’ compensation awards against EBI. Following FBI’s appeal, the Board reversed, applying the doctrine of laches against CNA and estopped it from claiming that it was not the responsible carrier, resulting in this appeal.
*663 The equitable doctrine of laches can be applied to estop a party from asserting a defense when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice, i.e., “a change of position, intervention of equities, loss of evidence or other disadvantage” (75A NY Jur 2d, Limitations and Laches § 369; see Matter of Kobre v Camp Mogen Avraham, 293 AD2d 893, 895 [2002]; Matter of Taylor v Vassar Coll., 138 AD2d 70, 73 [1988]). Mere lapse of time does not establish prejudice.
Here, while EBI argues that there was an inexcusable delay on the part of CNA in disclaiming coverage, it fails to particularize any actual injury, relying instead upon the generalized assertion that its due process rights were violated. Initially, we do not find a substantial delay herein given the fact that the disablement date of November 25, 1998 was not established until January 3, 2001 and there was only a four-month delay before CNA sent its May 17, 2001 letter to the Board indicating that EBI was the proper carrier. In any event, even assuming the delay inexcusable, we find insufficient evidence supporting a claim of prejudice given that, prior to the claim being closed (cf. Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept., 209 AD2d 870 [1994], lv denied 85 NY2d 809 [1995]), EBI had sufficient notice that a claim was indexed against it and was able to appear at the June 25, 2001 hearing. Thereafter, it had the opportunity to challenge the WCLJ’s determination that it was the responsible carrier. In fact, EBI was able to argue, albeit unsuccessfully, that the date of disablement should have been set in March 1997 instead of November 1998. Thus, it appears that no potential defenses were lost herein due to CNA’s delay in disputing coverage (cf. Matter of Carney v Newburgh Park Motors, 84 AD2d 599, 600 [1981]). For all of the forgoing reasons, especially all documentation in the record supporting a good faith belief on CNA’s part during the litigation that March 1997 was the appropriate disablement date, we conclude that the Board abused its discretion in applying the doctrine of laches to bar CNA from disputing coverage (see Matter of Schroeter v Grand Hyatt Hotel, 262 AD2d 725, 726 [1999]).
Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.