In the Matter of the Claim of ROBERT WILSON, Respondent, v CHICAGO BRIDGE & IRON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 405]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 1, 2002, which ruled that claimant sustained a causally related occupational disease and awarded workers' compensation benefits.

Claimant, a former construction worker, filed a claim for workers' compensation benefits in January 2001, alleging that he had contracted asbestosis in the course of his employment. Claimant identified his last employer as Chicago Bridge & Iron, with whom he had worked from 1980 to 1981 and 1986 to 1989. National Union Fire Insurance Company (hereinafter the carrier) was also identified by the Workers' Compensation Board's Bureau of Compliance as the workers' compensation carrier of risk. Two hearings then ensued before a Workers' Compensation Law Judge (hereinafter WCLJ). Based on claimant's submission of a C-4 medical report, in which claimant's treating physician stated that claimant's symptoms, radiology reports and history of exposure to asbestos on various construction sites from 1967 to 1989 were consistent with a diagnosis of

asbestosis, the WCLJ found at the first hearing that claimant had presented prima facie medical evidence of an occupational disease. At the second hearing, the carrier's representative, after noting that the carrier had failed to comply with a prior directive to obtain an independent medical examination of claimant, consented to establishing claimant's case for occupational disease, notice and causal relationship. Thereafter, the WCLJ awarded benefits. Following an affirmance by the Workers' Compensation Board, the carrier and employer (hereinafter collectively referred to as the employer) appeal.

Initially, we reject the employer's contention that Crawford & Company, the alleged third-party administrator for the carrier on this claim, was not timely notified of the hearings and was thereby denied its due process rights to appear and defend the claim. The record indicates that the carrier retained the services of two third-party administrators, AIG Claim Services, Inc. and Crawford & Company. At varying times throughout these proceedings, both received correspondence from the Board requesting documentation and notifying them of their right to participate. Although the employer claims that Crawford & Company was the proper third-party administrator, statements from the carrier's counsel and the Board's correspondence indicate that the carrier requested that all information relevant to the claim be sent to AIG. In any event, while there is some uncertainty as to which administrator was actually handling claimant's file on behalf of the carrier, there is no dispute that the carrier itself is the real party in interest here (*see* Workers' Compensation Law § 2 [12]; § 54 [2]; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 22, at 262; *see also* 12 NYCRR 313.3 [b]) and was duly identified, noticed and represented by counsel throughout these proceedings. In this regard, we note that counsel expressly represented at the second hearing that he was appearing "on behalf of the carrier," identified National Union Fire Insurance Company as the carrier of risk, acknowledged that the carrier had been put on notice of the proceedings and fully consented to establishing claimant's case before the WCLJ after conceding it inexcusably failed to obtain an independent medical examination. Accordingly, we reject the employer's argument that the Board's decision was not supported by substantial evidence (*see Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797 [2001]; *Matter of La Fave v St. Lawrence County*, 283 AD2d 790, 791 [2001]; *Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, 758 [1998]).

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.