■ In the Matter of the Claim of CHARLES HOLLOWAY, Claimant, v WEST STREET TRUCKING et al., Appellants, and STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 745]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 2003, which ruled, inter alia, that National Union Fire Insurance Company is the proper workers' compensation carrier and directed it to reimburse the State Insurance Fund for all awards made.

In September 1989, claimant suffered a cardiovascular accident while working for the employer and filed a claim for workers' compensation benefits 10 months later. National Union Fire Insurance Company was the employer's workers' compensation carrier at the time of the work-related accident but the State Insurance Fund (hereinafter SIF) was the employer's carrier when the claim was filed and was mistakenly placed on notice. In June 1992 National was placed on notice and eventually controverted the claim raising, among other things, the issue of laches. Over the next several years numerous hearings were held until a Workers' Compensation Law Judge (hereinafter WCLJ) finally determined that National was the proper carrier and the WCLJ directed National to reimburse the SIF for all payments made in the case. National filed an application for review alleging that the SIF's delay in investigating the claim, uncovering a prior medical condition and filing a C-250 claim prejudiced and precluded it from pursuing reimbursement from the Special Disability Fund (*see* Workers' Compensation Law § 15 [8]). The Workers' Compensation Board affirmed the WCLJ's decision, and National appeals.

We affirm. Failure to assert a right for an "unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party, operates as a basis for the doctrine of laches" (*Matter of Taylor v Vassar Coll.*, 138 AD2d 70, 73 [1988]; *see Matter of Ricciardi v Johnstown Leather*, 1 AD3d 661, 663 [2003]; *Matter of Kobre v Camp Mogen Avraham*, 293 AD2d 893, 895 [2002]; *Matter of Carney v Newburgh Park Motors*, 84 AD2d 599, 600 [1981]). In this record, however, there is substantial evidence that the SIF acted diligently in defending this claim and that National knew or should have known of claimant's September 1989 accident as early as December 1989. Accordingly, we find no basis to disturb the Board's decision.

Peters, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.