■ In the Matter of the Claim of HUGH McGUINNESS, Respondent, v JOHN P. PICONE, INC., et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [830 NYS2d 789]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 10, 2005, which ruled that the doctrine of laches was not applicable against the State Insurance Fund.

Wausau Insurance Company, the workers' compensation carrier for claimant's employer, contends that the Workers' Compensation Board erred in rejecting its argument that laches should have precluded the successful claim of noncoverage by the State Insurance Fund (hereinafter SIF). Laches can be asserted in the context of some workers' compensation cases, including "when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice" (*Matter of Ricciardi v Johnstown Leather*, 1 AD3d 661, 663 [2003]; *cf. Matter of Taylor v Vassar Coll.*, 138 AD2d 70, 72-73 [1988]). The Board's determination as to whether laches should apply, if supported by substantial evidence, will not be disturbed on appeal (*see Matter of Holloway v West St. Trucking*, 14 AD3d 816, 817 [2005]; *cf. Matter of Koc v Standard Boat Co.*, 301 AD2d 687, 687 [2003]).

Here, although there were protracted delays in the underlying claim and the coverage issue was not resolved by the Board for many years, SIF nevertheless controverted coverage from the inception of the claim. As to prejudice, Wausau criticizes certain actions by SIF during the years it defended the claim. However, the Board found that SIF acted diligently in its defense of the claim and the fact that SIF was able to obtain a reduction in the award, together with other proof in the record, supplies substantial evidence supporting the Board's determination (*see Matter of Holloway v West St. Trucking, supra* at 817). It also merits noting that, as observed by the Board, once Wausau was put on notice, it did not appear at hearings over a period of about eight years, repeatedly ignored notices during that time (including ones warning of a final opportunity to appear), and was penalized for its continued nonappearance. This unex-

plained and protracted conduct militates against Wausau's effort to now invoke the equity-based defense of laches (*see generally* 55 NY Jur 2d, Equity § 98). Since the Board's determination is undergirded by substantial evidence, we affirm.

Cardona, P.J., Mercure, Crew and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.