■ In the Matter of the Claim of LUIS MANTICOFF, Claimant, v AMERICAN BUILDING MAINTENANCE et al., Appellants and RELIANCE NATIONAL INDEMNITY COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [880 NYS2d 751]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed May 1, 2007, which, among other things, ruled that the doctrine of laches was not applicable against Reliance National Indemnity Company.

Claimant was injured in June 2000 when, during his employment as a janitor/custodian, he was lifting heavy boxes and suffered pain to his back, hip and legs. A C-2 form was filed by his employer, which indicated that CNA Insurance Companies (hereinafter RSKCo)[1] was the employer's workers' compensation carrier. The Workers' Compensation Board indexed the case in July 2000, and served notice on Reliance National Indemnity Company,[2] identifying it as the carrier on the claim instead of RSKCo. In July and August 2000, RSKCo filed multiple C-8.1 forms refusing to pay certain medical expenses incurred by claimant because treatment was rendered without authorization and a medical report was not filed on time. It also filed a C-7 form dated September 2000, indicating that claimant was not entitled to compensation under the policy. Despite these

1. CNA Insurance Companies is Continental Casualty Company and RSKCo is the third-party administrator for CNA.

2. All of Reliance's obligations were assumed through liquidation by Planet Insurance Company and the New York State Insurance Department Liquidation Bureau. This claim was administered by third-party administrator Risk Management Planning Group and, currently, by PMA Claim Services. For the purposes of clarity, all entities will be referred to collectively as Reliance.

filings on this claim, the Board continued to notice Reliance, rather than RSKCo, as the carrier responsible for covering the claim and, on October 17, 2000, provided Reliance, and not RSKCo, with notice of a hearing scheduled for November 15, 2000.

At the November 2000 hearing, Reliance appeared and raised "all C-7 [i]ssues, including coverage." A hearing was ultimately held and, by decision filed April 20, 2001, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had established the existence of a work-related injury and directed Reliance to pay him benefits at a tentative rate of $40 per week. Another hearing was held in August 2001 and, by decision filed August 6, 2001, a final rate of $40 per week was established. At the same time, RSKCo, unaware of what transpired, continued to file monthly requests with the Board for a priority hearing on the medical claims it was receiving for claimant.

On January 24, 2002, Reliance and claimant appeared before the WCLJ and again discussed coverage issues. At that time, the WCLJ agreed with Reliance that RSKCo should be given notice of the proceedings and RSKCo was notified to appear with its file on March 4, 2002. RSKCo filed an appeal from the WCLJ's decision, asserting that Reliance should be barred by laches from denying coverage. After further hearings were conducted, a WCLJ ultimately determined that Reliance was barred by laches from denying coverage under the claim. In January 2006, a Board panel affirmed the WCLJ's determination finding that Reliance was the carrier responsible for any payments that were to be made on the claim. However, upon review by the full Board, this decision was reversed and a direction was issued that the matter be placed before a new Board panel for further review. A new Board panel issued a decision filed May 1, 2007, which found that Reliance was not barred by laches in denying responsibility for payments under this claim, and further found that RSKCo, and not Reliance, was the proper carrier. RSKCo now appeals.

The doctrine of laches can apply in workers' compensation cases "when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice" (*Matter of Ricciardi v Johnstown Leather*, 1 AD3d 661, 663 [2003]; *see Matter of Hopkins v Alcas Corp., Cutco Cutlery*, 63 AD3d 1342 [2009] [decided herewith]; *Matter of McGuinness v John P. Picone, Inc.*, 36 AD3d 1032, 1032-1033 [2007]). The Board's determination regarding the applicability of the laches doctrine will not be disturbed on appeal if supported by

substantial evidence (*see Matter of McGuinness v John P. Picone, Inc.*, 36 AD3d at 1032-1033; *Matter of Holloway v West St. Trucking*, 14 AD3d 816, 817 [2005]; cf. *Matter of Mangum v National Union Fire Ins. Co.*, 14 AD3d 968, 969 [2005]). RSKCo concedes that it—and not Reliance—had a policy in place that provided coverage for claimant on the date of his accident. In fact, it is uncontroverted that Reliance was only involved in this claim due to an administrative error by the Board in which it served notice on Reliance regarding the claim. Moreover, Reliance denied coverage of the claim when it first appeared on the matter at the initial November 2000 hearing. At the same time, RSKCo received the initial notice of the claim and, throughout this process, never denied its status as insurer, but instead, filed numerous forms that, in effect, claimed that it was not responsible for payment of claimant's medical treatment under the policy. Therefore, the Board's determination that there was no inexcusable delay by Reliance upon which the doctrine of laches would apply was supported by substantial evidence.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.