Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed January 23, 2012, which, among other things, ruled that Liberty Mutual Insurance Company’s claim for reimbursement was not barred by the doctrine of laches.
Claimant sustained injuries in three work-related accidents in *968 1941, 1952 and 1957. Responsibility for the first claim was transferred to the Special Fund for Reopened Cases in 1959, and responsibility for the latter two claims fell to Liberty Mutual Insurance Company. Liability was apportioned equally among the three claims.
Following claimant’s death in 2008, Liberty Mutual sought reimbursement from the Special Fund in the amount of $194,876.83, representing one third of the cost of medical expenses incurred between May 1986 and August 2008. The Special Fund objected upon various grounds—including, insofar as is relevant here, laches. Following a hearing, a Workers’ Compensation Law Judge ruled that Liberty Mutual’s delay in seeking reimbursement prejudiced the Special Fund and, therefore, laches applied to bar reimbursement. The Workers’ Compensation Board reversed, rejecting the laches defense altogether and directing the Special Fund to audit the medical expenses for which Liberty Mutual sought reimbursement, pay those expenses to which there was no objection and separately address each expense to which it objected. The Special Fund now appeals.
Initially, we agree with the Special Fund that the Board erred in summarily rejecting its laches defense. Laches may apply within the context of a workers’ compensation claim when a party is guilty of the “[f]ailure to assert a right for an ‘unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party’ ” (Matter of Holloway v West St. Trucking, 14 AD3d 816, 817 [2005], quoting Matter of Taylor v Vassar Coll., 138 AD2d 70, 73 [1988]; accord Matter of Sacco v Mast Adv./Publ., 71 AD3d 1304, 1306 [2010]). Even assuming, as the Board concluded, that “the doctrine of laches does not apply to questions of apportionment,” the issue here is not apportionment. Rather, the issue is Liberty Mutual’s entitlement to reimbursement for certain medical expenses incurred between 1986 and 2008 and, in this regard, we note that the Board has applied the doctrine of laches to bar a claim for reimbursement under substantially similar circumstances (see Employer: QTS Corp., 2010 WL 2424192, *2, 2010 NY Wkr Comp LEXIS 4750, *4 [WCB No. 2882 6728, May 28, 2010]). Absent an explanation for the Board’s apparent departure from its precedent on this point, the Board’s decision must be modified to permit the assertion of the laches defense here.
As to the merits of the defense, while there can be little dispute that Liberty Mutual’s delay in submitting many of the bills for which it seeks reimbursement was excessive, the Special *969 Fund did nothing more than point to the length of the delay and register what the Board aptly described as a blanket objection to all of the bills submitted. Inasmuch as the “[m]ere lapse of time does not establish prejudice” (Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342,1344 [2009] [internal quotation marks and citation omitted]), the Special Fund’s proof—at this juncture—falls short. However, once the underlying audit is complete and the Special Fund has, consistent with the Board’s directive, made particularized objections where appropriate, it may have grounds, including laches, for denying reimbursement of specific bills. Stated another way, while laches ultimately may bar some or all of Liberty Mutual’s claim for reimbursement, such a determination cannot be made until the subject audit is complete and the Special Fund has articulated specific objections (such as lost or otherwise unavailable evidence) to the bills at issue. The parties’ remaining contentions, including Liberty Mutual’s assertion that the instant appeal is premature, have been examined and found to be lacking in merit.
Peters, P.J., Stein and Garry, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as ruled that Liberty Mutual Insurance Company’s claim for reimbursement was not barred by the doctrine of laches, and, as so modified, affirmed.