DOROTHY E. SULLIVAN et al., Respondents, *v.* EILEEN MANDIGO, Also Known as EILEEN SULLIVAN, Appellant.

Third Department, May 18, 1972.

*Thomas W. Perrin* (*Ross E. Brown* of counsel), for appellant.

*J. Neil Devine* for respondents.

GREENBLOTT, J. P.   This is an appeal from a judgment of the Supreme Court in favor of plaintiffs, entered February 2, 1971 in St. Lawrence County, upon a decision of the court at a Trial Term, without a jury.

Respondent, Dorothy Sullivan, and Kenneth Sullivan, who were married in 1930, separated in 1959. On May 15, 1961 Kenneth Sullivan obtained a divorce decree in Alabama. The next day, in Georgia, he and appellant were married.

Following Kenneth Sullivan's death on September 29, 1967, letters of administration were issued in St. Lawrence County to appellant as the surviving widow. Thereafter, respondents commenced this action to declare the Alabama divorce decree invalid and Dorothy Sullivan as the lawful widow. The trial court held the divorce decree obtained by the deceased in Alabama invalid, the purported marriage of deceased to appellant void *ab initio*, and Dorothy Sullivan the lawful widow.

Appellant first contends that respondents' cause of action is barred by laches, which is sought to be established on the basis that respondent took no action for six years. During this time appellant and the deceased, as husband and wife, acquired various parcels of property, operated a tavern and bought a home, all to the knowledge of Dorothy Sullivan. However, there is no indication of reliance by or any resulting prejudice to appellant since she married the deceased the day after the divorce decree was obtained. Laches therefore does not bar the action (*Sorrentino* v. *Mierzwa*, 25 N Y 2d 59).

There is no merit to appellant's next contention that the Alabama divorce decree is entitled to full faith and credit. Since Alabama would permit the decree of divorce to be attacked on jurisdictional grounds (*Winston* v. *Winston*, 276 Ala. 303; see *Matter of Joseph*, 27 N Y 2d 299), respondents are entitled to collaterally attack the validity of the decree in the New York courts (see *Williams* v. *North Carolina*, 325 U. S. 226, reh. den. 325 U. S. 895; *Iatauro* v. *Iatauro*, 55 Misc 2d 360). The findings of the trial court that Dorothy Sullivan never signed the paper purporting to subject her to the jurisdiction of the Alabama courts and that decedent was not and did not intend to become a resident of Alabama are amply supported by the record.

Nor is there merit in appellant's contention that the Supreme Court erred in assuming jurisdiction after letters of administration had been issued in Surrogate's Court. The Supreme Court, vested as it is with original jurisdiction in cases of this type, could have refused to hear the case, but was not required to do so.

The judgment should be affirmed, without costs.

Cooke, Simons, Kane and Reynolds, JJ., concur.

Judgment affirmed, without costs.