William J. Regan, S.
This is a proceeding to determine the right of election of Ruth L. Bock, alleged widow of the decedent, Edward 0. Bock. The decedent died on November 15, 1971. His will of October 8, 1964 made no provision for his alleged wife, Ruth L. Bock. A petition for the probate of said will was filed with this court on February 23, 1972. Decedent left him surviving two daughters and his divorced wife, Ruth L. Bock, who, since about 1968, had been and continues to be confined to a nursing home.
During his lifetime decedent obtained an ex parte judgment and decree of divorce which was entered in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on April 17, 1957.
Paragraph (1) of subdivision (a) of EPTL 5-1.2 (Disqualification as surviving spouse) provides, inter alia, that a surviving spouse is disqualified from exercising her right of election as provided in EPTL 5-1.1 where ‘1 a final decree or judgment of divorce, of annulment or declaring the nullity of a marriage or dissolving such marriage on the ground of absence, recognized as valid under the law of this state, was in effect when the deceased spouse died.”
Clearly this section grants to the divorced ispouse the right to contest the validity of such decree. The Surrogate is given jurisdiction to determine whether a divorce decree “ recognized as valid under the law of this state, was in effect when the deceased spouse died ”. It is by reason of this jurisdiction that a divorced spouse must be cited in a probate proceeding. The rights accorded her under the above section must be protected.
*471 Because Ruth L. Bock was under an apparent disability at the time that the will was offered for probate a guardian ad litem was appointed to protect her interest. The validity of the divorce decree was at that time questioned by the guardian ad litem who subsequently filed a notice of election in behalf of Ruth L. Bock.
Upon the proceeding herein it appears that the alleged widow was not under any disability up to about 1967 or 1968 during which time she was competent to manage her own affairs.
Attorneys-for the estate contend that the judgment and decree of divorce is recognized as valid under the law of New York (Anello v. Anello, 22 A D 2d 694) and that such a judgment or decree of a sister State must be accorded full faith and credit under the provisions of the United States Constitution. (Williams v. North Carolina, 317 U. S. 287.)
There is generally no problem where both parties appear in a divorce proceeding. Where the divorce, however, is ‘‘ ex parte ’ ’ the issue of jurisdiction is not beyond attack. Presumptive validity, however, must be given to the decree and this court must apply relevant standards of proof in hearing the jurisdictional question. No evidence has been elicited in this proceeding to overcome this presumption.
In view of the apparent inability of the divorced widow to offer any assistance in her own behalf this court takes particular note of the time that elapsed from the date of the divorce decree to the date of the alleged incompetency of the spouse. Ruth L. Bock brought no proceedings to contest the validity of this divorce decree during a 10-year period of time wherein she was mentally competent to do so. Under the circumstances laches and estoppel may well bar a party from contesting the validity of an earlier foreign divorce. (Krieger v. Krieger, 25 N Y 2d 364; Matter of Joseph, 27 N Y 2d 299.)
Ruth L. Bock, the former wife of decedent, is accordingly barred from asserting any right of election by reason of the divorce decree herein referred to.