■ AUDREY FEINBERG, Appellant, v HERBERT FEINBERG, Respondent.—In an action to nullify a separation agreement and a divorce decree of the Dominican Republic and to recover damages, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 4, 1974, which denied her motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Order affirmed, without costs. Although we are affirming, we do not agree with Special Term that fraud was established. Latham, Christ, Brennan and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents and votes to modify the order so as to deny the cross motion of respondent for summary judgment as well as the motion of appellant, with the following memorandum: The action was brought by appellant to set aside a separation agreement and a divorce decree obtained in the Dominican Republic incorporating the agreement, on the ground of fraud practiced by respondent in inducing appellant to execute the agreement. Special Term denied appellant's motion for summary judgment and granted respondent's cross motion for summary judgment dismissing the complaint. Although Special Term found that respondent was guilty of fraud vitiating the agreement, it held that the action would not lie because the Dominican divorce decree could not be attacked collaterally in New York. In my view, both the factual issue of fraud and the legal issue of collateral attack must await a trial and both motions for summary judgment should have been denied. I consider first the question of insulation of the divorce decree from challenge. It is not altogether accurate to say that the incorporation of the agreement within the foreign decree renders the agreement impervious to attack on the ground of fraud inducing the agreement. Even under the full faith and credit clause of the Federal Constitution, where the rendering State permits assault on its judgment on such a ground, the forum State may also *(Williams v North Carolina,* 317 US 287; *Sullivan v Mandigo,* 39 AD2d 111; cf. *Griffin v Griffin,* 327 US 220).

The guarantee of full faith and credit to State decrees does not, of course, extend to decrees of foreign countries, but the effect of *res judicata* which is applied by New York to the judgments of other sovereigns is tempered by a like exception *(Schoenbrod v Siegler,* 20 NY2d 403, 409; cf. *Gunter v Gunter,* 20 NY2d 883). Here, neither party in the affidavits presented on the motions informs us whether the courts of the Dominican Republic are empowered to entertain an application to vacate the decree on the ground of fraud. Proof of the foreign law is consequently required at a trial, since the decree has been asserted by respondent as a bar to the action (cf. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 3016.17, p 30–348). When a question of foreign law has arisen and is unresolved, the parties should be allowed an opportunity to offer proof (cf. *Rawitz v Rawitz,* 31 AD2d 832; *Ramm v Ramm,* 34 AD2d 667, affd 28 NY2d 892). Beyond this question, there exists a triable issue of fact concerning the nature of the inducement which appellant claims to have been fraudulent. If the facts create extrinsic fraud as defined in *Tamimi v Tamimi* (38 AD2d 197, 203–204), New York courts will not hesitate to strike down the foreign decree. In either posture of the case, therefore, a trial would be necessary. Moreover, I am of the opinion that a finding of fraud should not have been made by Special Term on the affidavits presented (cf. *Buchheimer v Buchheimer,* 42 AD2d 522).