■ In the Matter of the Estate of FRED J. GUIDO, Deceased. DOROTHY GUIDO, Respondent; MARIE GUIDO et al., Appellants. — In a proceeding to require the appellants to supply petitioner with information concerning the assets or affairs of the estate of Fred Guido, deceased, the appeal is from an order of the Surrogate's Court, Westchester County, dated May 16, 1980, which granted the petition and authorized petitioner to file a notice of election as a surviving spouse. Order affirmed, without costs or disbursements. The decedent Fred Guido and appellant Marie Guido were married in 1949. In 1955 they separated pursuant to an agreement which provided for the support and maintenance of Marie and their three children. On May 13, 1958 Marie was served with a summons and complaint in a Nevada divorce action brought against her by Fred. She never answered the com-

plaint, appeared in the action or signed any papers. On June 3, 1958 the Nevada court granted Fred an ex parte judgment of divorce (the decree incorporated by reference the 1955 separation agreement, which Fred complied with until his death). In August, 1958 Fred married the petitioner, Dorothy Guido, in the State of Connecticut. Fred died on March 31, 1978 and his will was admitted to probate on petition of Marie and others, as Fred's executors. Thereafter, Dorothy made a demand of the executors for disclosure of the assets of Fred's estate and filed a notice of election against the will as Fred's surviving spouse (see EPTL 5-1.1). After failing to receive a response to her demand, Dorothy brought the instant proceeding to require the executors to disclose to her the assets and affairs of the estate (see SCPA 2101, subd 1). The appellants answered the petition, putting at issue the validity of the Nevada divorce decree and Dorothy's right of election as a surviving spouse. After a hearing, the Surrogate granted the petition and authorized Dorothy to file a notice of election as the surviving spouse. In affirming the order of the Surrogate, we need not reach the question of the validity of the Nevada divorce decree. Although Marie may have considered the divorce and subsequent marriage to be invalid, she apparently acknowledged them both. She knew about the divorce from the beginning and was aware in 1958 of Fred's marriage to Dorothy. By her own admission she never sought to contest the validity of the divorce or the remarriage. In fact, Marie filed a joint tax return for Fred, as his executrix, naming Dorothy as his wife; she witnessed the signing of Fred's will and was aware of its provisions which labeled her as his former wife and Dorothy as his present wife; as executrix she provided the information for the probate petition, which stated that Dorothy was the surviving spouse and that she was his divorced wife; and she signed checks made out to Dorothy Guido and Mrs. Dorothy Guido. While mere inaction or delay does not constitute laches (see *Sorrentino v Mierzwa,* 25 NY2d 59, 63; *Sullivan v Mandigo,* 39 AD2d 111; *Matter of Liebman,* 44 Misc 2d 191), an estoppel based on laches is appropriate where the lapse of time and the intervention of circumstances which render it unjust for the court to aid the challenger occur (see *Krieger v Krieger,* 25 NY2d 364; *Matter of Bock,* 70 Misc 2d 470). At bar, the 21-year delay, together with Marie's acknowledgment of the divorce and remarriage, amounts to laches, and she should be estopped from contesting the petitioner's status as the surviving spouse. Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.