■ In the Matter of the Claim of Yvonne Schroeter, Appellant, v Grand Hyatt Hotel et al., Respondents. Workers' Compensation Board, Respondent. [691 NYS2d 635] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 27, 1997, which, inter alia, ruled that claimant was not entitled to claim concurrent employment.

Following a work-related injury to claimant sustained in 1987, accident, notice and causal relationship were established and, in November 1990, claimant's average weekly wage was established based upon her earnings from the Grand Hyatt Hotel. She was awarded workers' compensation benefits for periods of total disability and, thereafter, was classified partially disabled with an award continuing at a reduced earnings rate; the case was closed in October 1991.

Based upon evidence that claimant was earning in excess of the established weekly wage, the case was reopened in February 1995 to consider her continuing entitlement to reduced earnings. At a hearing in November 1995, claimant testified that, in addition to being employed at the Grand Hyatt, she also worked at a Marriott Hotel from 1985 to 1991; she requested that her average weekly wage be recalculated upon her concurrent employment. Over objection of the Special Funds Conservation Committee, the Workers' Compensation Law Judge found that there was concurrent employment,

increased the average weekly wage accordingly, modified the previous awards to reflect the increase and continued the reduced earnings award. Upon appeal by the carrier and the Special Funds, the Workers' Compensation Board concluded that claimant was barred by the doctrine of laches from claiming concurrent employment.

Claimant contends that the Board erred in applying the doctrine of laches. Although generally applicable only in suits in equity, the doctrine of laches is applicable in workers' compensation proceedings when the remedy is equitable in nature (*see, Matter of Taylor v Vassar Coll.*, 138 AD2d 70, 72). Relying on concurrent employment provisions of Workers' Compensation Law § 14 (6), claimant argues that her concurrent employment claim establishes for her a remedy at law and that it is not equitable in nature. We find claimant's argument unpersuasive as Workers' Compensation Law § 14 (6) does not create a remedy at law for claimants, it merely provides that the average weekly wage shall be calculated upon wages earned from all concurrent employments. By belatedly claiming concurrent employment through her 1995 application, claimant was endeavoring to modify the November 1990 decision which had established her average weekly wage based only on her employment with Grand Hyatt.

Indisputably, the Board has continuing jurisdiction to modify prior decisions (*see,* Workers' Compensation Law § 123) and where, as here, there are no statutory deadlines, it has considerable discretion to exercise that jurisdiction (*see, Matter of Hampton v Neptune Meter Co.*, 223 AD2d 756, 757). Inasmuch as the doctrine of laches is applicable where the requested relief is discretionary (*see, Conley v Gravitt*, 133 AD2d 966, 967), the issue distills to whether the Board abused its discretion in applying the doctrine in this instance.

The delay of seven or eight years from the date of the accident was clearly unreasonable and the explanations claimant offered are either unsupported by the record or lacking in merit. Furthermore, the Board found that the delay prejudiced the Special Funds by denying it the opportunity to properly investigate the claim. Given that the Special Funds is liable for reimbursing the primary employer, the Grand Hyatt, for additional benefits the latter paid as a result of the increase in average weekly wages due to claimant's concurrent employment (*see,* Workers' Compensation Law § 14 [6]), it had an interest in investigating the underlying claim to determine whether there was a basis to object. Claimant's immoderate delay in asserting concurrent employment effectively precluded

investigation of the underlying claim, resulting in prejudice to the Special Funds. In sum, the Board did not abuse its discretion in invoking the doctrine of laches to bar the relief requested by claimant (*see, Matter of Carney v Newburgh Park Motors*, 84 AD2d 599).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.