■ In the Matter of the Claim of ANTHONY LOMBARDO, Respondent, v FORD MOTOR COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 652] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 1, 2000, which ruled that claimant did not voluntarily withdraw from the labor market.

Claimant sustained a work-related injury to his back in September 1996 and, with the approval of his treating orthopedist, returned to a light-duty position shortly thereafter. About one month later, however, he stopped working due to back pain and, after returning to work for one day in November 1996, he has not worked at all despite the continuing availability of a light-duty position. In May 1997, claimant filed for disability retirement but in the fall of 1997, changed his application to one for regular retirement, which became effective January 1, 1998. Based upon claimant's refusal to return to the light-duty position and his retirement, the employer contends that claimant voluntarily withdrew from the labor market and, therefore, is not entitled to continuing workers' compensation benefits. The Workers' Compensation Board ruled that claimant did not voluntarily withdraw from the labor market and the employer appeals from the Board's decision.

As this Court explained in *Matter of Camarda v New York Tel.* (262 AD2d 816): "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed * * * While the Board has found that withdrawal is not voluntary when there is evidence that a claimant's disability caused or contributed to retirement * * * a voluntary with-

drawal has been found when the evidence fails to demonstrate that the disability played a role in the decision to retire" (*id.*, at 816 [citations omitted]). Claimant testified that as a result of the back pain, he could not do the work of the light-duty position and, therefore, he decided to retire. He was examined by a number of physicians who provided divergent opinions on the issues of the nature and extent of claimant's disability and his ability to perform the work of the light-duty position.

In view of the Board's broad authority to resolve factual issues based upon the credibility of witnesses (*see, Matter of Marshall v Murnane Assocs.*, 267 AD2d 639, *lv denied* 94 NY2d 762), claimant's testimony and the medical evidence credited by the Board provide substantial evidence to support the Board's finding of a sufficient connection between claimant's disability and his retirement to establish that he did not voluntarily withdraw from the labor market (*see, Matter of Beehm v Educational Opportunity Ctr.*, 272 AD2d 808). To the extent that the employer's argument is based upon claimant's alleged lack of effort to find work subsequent to his retirement, the issue is raised for the first time on this appeal and, therefore, has not been preserved for our review (*see, Matter of Gregg v Randazzo*, 216 AD2d 747, 749).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.