In the Matter of the Claim of RICHARD J. FINCHUM, JR., Respondent, v FRANK COLAIACOMO, Doing Business as PREMO SERVICES, Appellant, and TRAVELERS INSURANCE COMPANY et al., Respondents, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [869 NYS2d 619]—

Peters, J. Appeal from a decision and amended decision of the Workers' Compensation Board, filed March 30, 2007 and March 5, 2008, which ruled, among other things, that the applicability of Workers' Compensation Law § 56 was barred by the doctrine of laches.

Claimant filed a claim for workers' compensation benefits in September 1987 after he was severely injured while driving a vehicle owned by his employer. Following numerous hearings that extended through 1993, claimant discovered that there was a purported contractor/subcontractor relationship between the employer and Cleanway Industries, Inc. Thereafter, in June 1994, Cleanway and its workers' compensation carrier, Travelers Insurance Company, were put on notice of the claim. At a February 1995 hearing, Travelers first appeared in the case and argued that the doctrine of laches barred the assertion of general contractor liability pursuant to Workers' Compensation Law § 56.

After years of hearings and several reviews by the Workers' Compensation Board, the Board dismissed the issue of whether Workers' Compensation Law § 56 and general/special employment was applicable, finding that the employer failed to further develop the record on this issue, as it had been previously instructed, thereby waiving the right to seek the benefit of the statute. On appeal, we reversed the decision of the Board and

remitted the matter for further development of the Workers' Compensation Law § 56 issue (1 AD3d 672, 673-674 [2003]). In accordance with that decision, several hearings were held on the issue, during which the employer testified for the first time regarding a purported relationship between his business and Cleanway. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer was barred by the doctrine of laches from claiming the applicability of Workers' Compensation Law § 56 and general/special employment and, in a March 30, 2007 decision, the Board affirmed the WCLJ's decision and closed the case. The employer subsequently appealed the Board's decision to this Court, while additionally seeking full Board review. In an amended decision filed on March 5, 2008, the Board elaborated on its findings regarding the applicability of the defense of laches and otherwise affirmed the WCLJ's determination in all respects. The employer also appeals from said amended decision of the Board.

The employer initially contends, for the first time on appeal, that the doctrine of laches cannot serve as a bar to the assertion of Workers' Compensation Law § 56 because the remedy sought is not equitable in nature (*see generally Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d 725, 726 [1999]; *Matter of Taylor v Vassar Coll.*, 138 AD2d 70, 72 [1988]) and that laches may not be imputed to the State Insurance Fund and/or the Uninsured Employers' Fund as state agencies (*see generally Matter of Carney v Newburgh Park Motors*, 84 AD2d 599, 600 [1981]). Having failed to raise these specific issues before the Board and instead only arguing the merits of the laches defense, the employer has not preserved these claims for our review (*see Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133 [1975]; *Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168-1169 [2007]; *Matter of Lombardo v Ford Motor Co.*, 289 AD2d 735, 736 [2001]).

It is well settled that the failure to assert a defense for an " 'unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party, operates as a basis for the doctrine of laches' " (*Matter of Holloway v West St. Trucking*, 14 AD3d 816, 817 [2005], quoting *Matter of Taylor v Vassar Coll.*, 138 AD2d at 73; *see Matter of Kobre v Camp Mogen Avraham*, 293 AD2d 893, 895 [2002]). Such circumstances include " 'a change of position, intervention of equities, loss of evidence or other disadvantage' " (*Matter of Ricciardi v Johnstown Leather*, 1 AD3d 661, 663 [2003], quoting 75A NY Jur 2d, Limitations and Laches § 369). Further, we will not disturb the Board's determination as to whether laches

should apply so long as it is supported by substantial evidence (*see Matter of McGuinness v John P. Picone, Inc.*, 36 AD3d 1032, 1032 [2007]; *Matter of Tavano v Tavano Enters.*, 227 AD2d 836, 837 [1996], *lv dismissed* 88 NY2d 1018 [1996]).

We find that the nearly seven-year delay between the opening of the case and the employer's assertion of the issues of Workers' Compensation Law § 56 and general/special employment was unreasonable and unexplained by the employer. Notwithstanding the employer's testimony at a June 2004 hearing that his business served as a subcontractor for Cleanway from 1983 to 1989, the employer has provided absolutely no explanation as to why this relationship was not raised for nearly seven years after the claim was indexed and, most troubling, the employer testified extensively during a September 1992 hearing about the nature of the employment relationship between his business and claimant, without any mention of Cleanway or a relationship between the two. Moreover, there is no evidence in the record that Cleanway had knowledge of the claim at any time prior to June 1994. Thus, the employer's delay in raising the issues of Workers' Compensation Law § 56 and general/special employment was inexcusable (*see Matter of Schroeter v Grand Hyatt Hotel*, 262 AD2d at 726; *compare Matter of Ricciardi v Johnstown Leather*, 1 AD3d at 663).

Further, we find substantial evidence supporting the Board's determination that Travelers suffered prejudice as a result of the delay. Having no notice of the claim until 1994, Travelers was unable to participate in 1991 and 1992 hearings wherein testimony was taken of claimant, his father and the employer. Significantly, because the accident rendered claimant unable to recall his relationship with the employer or the accident, his father's testimony concerning claimant's relationship with the employer and details regarding the nature and scope of claimant's work was critical. By the time Travelers was put on notice, claimant's father was deceased, thereby depriving it of the opportunity to cross-examine him. Further, notwithstanding Travelers' absence at the hearing when the employer was first questioned and persuasive evidence in the record that claimant was not working at the time of the accident, Travelers was precluded from pursuing questioning from the employer regarding whether the accident arose out of and in the scope of claimant's employment because that issue had already been decided (*compare Matter of Ricciardi v Johnstown Leather*, 1 AD3d at 663).

More importantly, Travelers was denied the opportunity to review the voluminous documentation pertaining to the

employer's business which, according to the employer, was discarded after he received notice that he was discharged from the case.* This is particularly significant in light of the fact that the employer testified during the 1992 hearing, with the extensive documentation at hand, as to the nature of his business and its employment relationship with claimant without any mention of a contractual relationship with Cleanway. The loss of this evidence certainly put Travelers at a severe disadvantage in exploring the issues of a general contractor relationship and/or special employment, and forever precluded any meaningful opportunity to test the employer's markedly different testimony in 2004 that his business received all of its work from Cleanway, was paid directly by Cleanway for its work, and represented itself as affiliated with Cleanway.

Additionally, the record reflects that the delay in placing Travelers on notice resulted in the loss of a potential intoxication defense pursuant to Workers' Compensation Law § 10. Notably, the issue of intoxication was neither raised by the State Insurance Fund in its C-7 form nor at subsequent hearings in 1989 and 1990, despite the police report compiled immediately after the accident which indicated that claimant's vehicle struck the curb "for some unknown reason," that he had a "strong odor of alcohol on his breath" and that beer bottles were laying "all over the floor." These facts, if fully and adequately pursued early on in the action, could have resulted in a decision rebutting the presumption contained in Workers' Compensation Law § 21 (4) (*see Matter of Purcell v American SIP Corp.*, 248 AD2d 844, 845 [1998]; *Matter of Balk v Austin Ford Logan, Inc.*, 221 AD2d 795, 795-796 [1995]). Moreover, since the employer alleged that there were other contributing causes to the accident aside from claimant's intoxication, such contributing causes may have provided a basis for Travelers to seek subrogation in the event that it was liable for claimant's award. The immoderate delay in putting Travelers on notice of the claim prevented it from investigating and pursuing a now time-barred course of action pursuant to Workers' Compensation Law § 29 (2) (*see Matter of Carney v Newburgh Park Motors*, 84 AD2d at 600; *see also Matter of Burmester v De Lucia*, 263 NY 315, 319 [1934]).

Lastly, we note that equity supports the application of the

---

* At the conclusion of the February 5, 1995 hearing, at which Travelers first appeared in the case, the WCLJ found that the State Insurance Fund was the employer's carrier at the time of the accident and discharged the employer, among others, from the case. That determination was reversed by the Board's March 1995 decision finding that the employer was uninsured on the date of the accident.

doctrine of laches to this case given that the employer not only failed to acquire proper insurance coverage but would benefit from his failure to promptly and timely notify Travelers of the claim (*cf. Matter of Guido*, 81 AD2d 614, 615 [1981]). Based on all of these circumstances, we find substantial evidence supporting the Board's invocation of the doctrine of laches to bar the relief requested by the employer.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.