Matter of Nunez v Ulster Boces/Arden Hill (2018 NY Slip Op 08611)





Matter of Nunez v Ulster Boces/Arden Hill


2018 NY Slip Op 08611


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526684

[*1]In the Matter of the Claim of RENE NUNEZ, Claimant,
v
ULSTER BOCES/ARDEN HILL et al., Respondents, and ARCH INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellant.
Weiss, Wexler & Wornow PC, New York City (Andrea Catalano or counsel), for Ulster BOCES/Arden Hill and another, respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 27, 2017, which, among other things, ruled that Arch Insurance Company is responsible for claimant's workers' compensation benefits.
In July 2014, claimant, a construction worker, filed a claim for workers' compensation benefits citing a work-related injury to his back. A first report of injury was filed by his employer indicating that Arch Insurance Company was the employer's workers' compensation carrier. In November 2014, the Workers' Compensation Board issued a proposed decision establishing the claim, but noted that there were differing medical opinions as to the level of disability or impairment and requested that the parties schedule depositions of the medical experts. Arch accepted the claim without conducting depositions and the parties stipulated to an average weekly wage for claimant of $780.22. Claimant underwent back surgery in May 2015 and Arch agreed to pay various rates of compensation between July 2014 and March 2016.
In October 2016, AIG Claims, Inc., which had issued a workers' compensation policy for the general contractor covering work at the address where claimant was reportedly injured, was put on notice of the claim and filed a first report of injury. AIG filed a subsequent report of injury arguing that it should not be named the responsible carrier due to the doctrine of laches. Arch thereafter raised the issue of not being the proper carrier for the claim. Following a hearing, [*2]a Workers' Compensation Law Judge determined that Arch remained the carrier responsible for the claim, finding that it was barred from denying coverage by the doctrine of laches. Upon review, the Board affirmed, and Arch now appeals.
We affirm. "The doctrine of laches can apply in workers' compensation cases when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice" (Matter of Manticoff v American Bldg. Maintenance, 63 AD3d 1308, 1309 [2009] [internal quotation marks and citations omitted]; see Matter of Ricciardi v Johnstown Leather, 1 AD3d 661, 663 [2003]). "The Board's determination regarding the applicability of the laches doctrine will not be disturbed on appeal if supported by substantial evidence" (Matter of Manticoff v American Bldg. Maintenance, 63 AD3d at 1309-1310; see Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342, 1343 [2009]).
Here, Arch accepted the claim and did not contest coverage for two years. Although Arch contended that its delay in challenging coverage was due to "complex" coverage issues, it did not further elaborate on these issues nor did it adequately explain why it took two years to determine that it was not the proper carrier. Under these circumstances, we find that Arch has not established an excusable delay in contesting coverage (see Matter of Finchum v Colaiacomo, 55 AD3d 1084, 1086 [2008]; Matter of Schroeter v Grand Hyatt Hotel, 262 AD2d 725, 726 [1999]; compare Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d at 1343-1344). We also find that the Board's determination that AIG suffered prejudice by Arch's delay is supported by substantial evidence. As noted by the Board, by Arch accepting the claim, stipulating to claimant's average weekly wage and agreeing to various rates of compensation during the two-year period in question, AIG is now precluded from litigating these issues (see Matter of Finchum v Colaiacomo, 55 AD3d at 1086). In light of the foregoing, the Board's invocation of the doctrine of laches barring Arch from disputing coverage is supported by substantial evidence and will not be disturbed (see id.).
Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.