Matter of Trombino v FMB Inc. (2022 NY Slip Op 06301)

Matter of Trombino v FMB Inc.

2022 NY Slip Op 06301

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

532194
[*1]In the Matter of the Claim of Marc Trombino, Claimant,
v
FMB Inc., Respondent, and Liberty Insurance Corporation, Appellant, and ACE American Insurance Company, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Chartwell Law, New York City (Jason D. Lewis of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Ace American Insurance Company, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 5, 2020, which ruled that Liberty Insurance Corporation is responsible for claimant's workers' compensation benefits.
In September 2016, claimant, an iron worker, filed a claim for workers' compensation benefits, citing work-related lung conditions, including silicosis and chronic obstructive pulmonary disease, and referencing FMB Inc. as his employer. The Workers' Compensation Board initially indexed the claim against Phoenix Insurance Co. as the responsible carrier.[FN1] Phoenix disputed coverage on this claim, and, after an investigation by the Board's Bureau of Compliance Enforcement Unit identified Ace American Insurance Company and Liberty Insurance Corporation [FN2] as potential carriers for FMB, the Board issued a corrected notice of indexing naming Liberty as the responsible carrier. Liberty appeared and raised several issues, including no prima facie evidence, no occupational disease and lack of coverage.
At a July 27, 2017 hearing, claimant testified that FMB was his last employer, and he outlined the time period he worked for FMB and the location at which he was working. Liberty's intended lay witness did not show up for the hearing, and the Workers' Compensation Law Judge (hereinafter WCLJ) then precluded Liberty from calling any lay witnesses. Liberty did not raise any issue regarding coverage at the hearing, and the WCLJ found prima facie evidence of the claim and continued the case for deposition testimony from the medical experts. Following the submission of the depositions, Liberty filed a written summation arguing that claimant did not suffer from any pulmonary impairment, but again did not raise any issue regarding coverage. Thereafter, the WCLJ established the claim, finding that claimant had an occupational disease for silicosis, chronic obstructive pulmonary disease, rhinitis, bronchitis and mixed dust disease and classified claimant as having a permanent total disability.[FN3]
Liberty sought Board review of the WCLJ's determination, raising several issues, including, for the first time, that its policy did not cover the location where claimant had testified that he was working for FMB. The Board initially rejected the documentary proof of lack of coverage submitted by Liberty in its request for Board review for failing to comply with 12 NYCRR 300.13. The Board rescinded, without prejudice, the finding of a permanent total disability due to issues regarding maximum medical improvement but otherwise affirmed the WCLJ's decision. Liberty appealed that decision to this Court and also sought full Board review. In the interim, the Board panel issued an amended decision stating that, in its discretion, it would treat Liberty's documentary evidence of lack of coverage as an application to reopen and remitted the matter for a hearing on the issue of coverage, but it made no other amendments to its prior decision. Prior to the hearing, the Board put Ace American on notice [*2]as a potential carrier. Ace American asserted that Liberty should be barred from denying coverage by the doctrine of laches, and the WCLJ accepted and agreed with this argument. The Board affirmed this decision on administrative review, and Liberty appeals.[FN4]
We affirm. "The doctrine of laches can apply in workers' compensation cases when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice" (Matter of Manticoff v American Bldg. Maintenance, 63 AD3d 1308, 1309 [3d Dept 2009] [internal quotation marks and citations omitted]; see Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d 1218, 1219 [3d Dept 2018]). "The Board's determination regarding the applicability of the laches doctrine will not be disturbed on appeal if supported by substantial evidence" (Matter of Fuller v Jackson, 205 AD3d 1291, 1292 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342, 1343 [3d Dept 2009]). The record reflects that documents filed in the Board's electronic case file in February 2017 identified Ace American as a potential responsible carrier for the claim. Claimant testified in July 2017 that he was working for FMB at the Hudson Yards construction project in Manhattan at the time of his last exposure to toxic materials. Although Liberty's policy with FMB did not include coverage of work conducted at the Hudson Yards location, Liberty did not dispute coverage until November 2017, after the WCLJ had established the claim. Liberty has not adequately explained why it waited until after the claim had been established before arguing that it was not the proper carrier, and the Board's decision that Liberty has not demonstrated an excusable delay in contesting coverage is supported by substantial evidence (see Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d at 1219; Matter of Finchum v Colaiacomo, 55 AD3d 1084, 1086 [3d Dept 2008]). Further, substantial evidence also supports the Board's finding that Ace American was prejudiced by Liberty's delay in disputing coverage. Because Liberty did not dispute coverage until after the claim was established, Ace American was prevented from presenting its own evidence to challenge the claim (see Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d at 1219-1220; Matter of Finchum v Colaiacomo, 55 AD3d at 1086). Although Liberty contested the establishment of the claim, it was precluded from presenting any witnesses from the employer at the hearing because its scheduled witness did not appear (compare Matter of McGuinness v John P. Picone, Inc., 36 AD3d 1032, 1032 [3d Dept 2007]). Accordingly, the Board's invocation of the doctrine of laches barring Liberty from disputing coverage will not be disturbed (see Matter of Finchum v Colaiacomo, 55 AD3d at 1086-1087).
Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed another claim citing asbestosis contracted while working for a different employer and Phoenix was the indexed carrier on that claim, which was ultimately disallowed.

Footnote 2: Throughout the record, this carrier is alternately referred to as Liberty Mutual Fire Insurance Company.

Footnote 3: In so finding, the WCLJ expressly rejected the opinion of Liberty's medical expert that claimant did not suffer from any pulmonary impairment as "incredible."

Footnote 4: Ace American argues that the appeal should be dismissed for lack of jurisdiction because Liberty failed to timely file and serve the notice of appeal (see Workers' Compensation Law § 23; 12 NYCRR 300.18 [a]; CPLR 5515). Ace American did not move to dismiss the appeal, and we cannot determine on this record whether there was a lack of compliance with the statutory requirement, nor will we assume that such compliance was lacking (see Zuccarini v Ziff-Davis Media, 306 AD2d 404, 404-405 [2d Dept 2003]).