Matter of Bakerian v Washington County (2023 NY Slip Op 00138)

Matter of Bakerian v Washington County

2023 NY Slip Op 00138

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

534273
[*1]In the Matter of the Claim of Amber Bakerian, Appellant,
v
Washington County et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Sullivan Keenan & Oliver, LLP, Albany (John M. Oliver of counsel), for Washington County and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed May 3, 2021, which denied claimant's request for a hearing to consider, among other things, future wage expectancy pursuant to Workers' Compensation Law § 14 (5) and an award for protracted healing periods.
Claimant, a certified nursing assistant, sustained causally-related injuries to her left shoulder in February 2008 and, in 2009, a Workers' Compensation Law Judge (hereinafter WCLJ) set her average weekly wages and directed awards based upon periods of temporary total and partial disability. As relevant here, numerous hearings were held between 2009 and 2014 on issues related to permanency and degree of disability and the ongoing awards that were made. Claimant was examined by an orthopedic consultant retained by the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer), and by an occupational medicine physician at the behest of claimant, who submitted reports offering differing medical opinions, 50% and 40% respectively, on the issue of the appropriate schedule loss of use (hereinafter SLU) of her left arm. With the employer's consent, the Workers' Compensation Board issued a notice of proposed decision on October 13, 2015 awarding an SLU of 40% for claimant's left arm. The Board noted that claimant was entitled to 124.8 weeks [FN1] of lost wage benefits but, given that she had already been paid in excess of that in temporary awards, no further awards were made. No appeal was taken from that determination.
In December 2020, claimant retained new counsel, who requested a hearing on claimant's future wage expectancy as of 2008 (see Workers' Compensation Law § 14 [5]) and awards for periods of temporary total disability based upon protracted healing periods. The employer raised the defense of laches, noting that claimant had not timely raised these issues prior to the SLU award or thereafter. Following a hearing, a WCLJ denied claimant's request, finding that the issues raised had been resolved previously, that the defense of laches bars the request for consideration of the future wage expectancy in the calculation of the average weekly wage, and that the issue of protracted healing would not change the previous finding that the benefits paid exceeded the SLU award. On appeal, the Workers' Compensation Board agreed, finding that laches precluded the wage expectancy issue and that the protracted healing period issue was moot. Claimant appeals.
"The doctrine of laches may apply within the context of a workers' compensation claim when a party is guilty of the failure to assert a right for an unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party" (Matter of Fuller v Jackson, 205 AD3d 1291, 1292 [3d Dept 2022] [internal quotation marks and citations omitted]). Notably, "[t]he Board's determination regarding the applicability of the laches doctrine will not be disturbed [*2]on appeal if supported by substantial evidence" (Matter of Trombino v FMB Inc., 210 AD3d 1212, 1214 [3d Dept 2022] [internal quotation marks and citations omitted]). The record reflects that claimant was injured in 2008 and, at all times represented by counsel, was found to have a 40% SLU in 2015, a decision to which no objection was raised and from which no appeal was taken. As the Board noted, the five-year delay since the SLU award, and over 12-year delay since the accident, in seeking to raise the issue of wage expectancy under Workers' Compensation Law § 14 (5)[FN2] based upon claimant being under the age of 25 at the time of the accident, was "significant." Moreover, claimant offered no reason for the protracted delay and the record supports the Board's factual finding that addressing the issue of claimant's 2008 wage expectancy, as it related to her average weekly wage, after this considerable delay would be prejudicial to the employer (see Matter of Trombino v FMB Inc., 210 AD3d at 1215; cf. Matter of Fuller v Jackson, 205 AD3d at 1292-1293; Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342, 1343-1344 [3d Dept 2009]). Although the "mere lapse of time does not establish prejudice" (Matter of Hopkins v Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d at 1344 [internal quotation marks, brackets and citation omitted]), "[w]hether laches should apply depends on the particular facts of each case" (id. at 1343).
The fact that, in 2010, the employer apparently submitted a payroll projection of wage expectancy calculated in 2008 based upon another named worker, which claimant and the Board did not ever address, undermines her claim that the issue was overlooked. Notably, in seeking a hearing on this issue in 2020, claimant did not indicate that she would accept that projection or waive the right to dispute that proof or to submit additional proof of higher wage expectancy. The submission of that unaddressed document in 2010 does not support the conclusion that the Board abused its discretion in declining to address this issue for the first time at the 2021 hearing or in invoking the equitable doctrine of laches. Further, claimant has not demonstrated that, even if future wage expectancy were considered at this belated juncture, she would benefit, i.e., that the SLU award would increase, given that she had already received in excess of the maximum award. As the Board's determination that the doctrine of laches precludes consideration of future wage expectancy is supported by substantial evidence, it will not be disturbed (see Matter of Trombino v FMB Inc., 210 AD3d at 1215).
However, the Board erred in denying, as moot, claimant's request for a hearing to address a further award for her total disability. By statute, an SLU award may be enhanced where the injured worker sustains a protracted period of temporary total disability in connection with a later-determined permanent partial disability, in this case, where claimant has a permanent [*3]partial disability to her left shoulder and experienced a protracted temporary total disability that exceeded 32 weeks, in which case claimant is entitled to add the excess weeks to the weeks associated with the SLU award (see Workers' Compensation Law § 15 [4-a]).[FN3] Claimant's pre-SLU awards reflect a combination of temporary total disability awards for over 80 weeks, temporary partial disability awards and tentative rate awards subject to later revision, although the record does not reflect that those periods were resolved; some awards were rescinded due to lack of current medical evidence, pending further development of the record. The Board did not address claimant's entitlement to a further award under Workers' Compensation Law § 15 (4-a) or explain its reasons for denying the request, merely stating that it was "moot," which is not correct. Given the foregoing, we find that the Board erred in failing to address claimant's request for a further award for temporary total disability under Workers' Compensation Law § 15 (4-a).
Egan Jr., J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as ruled that claimant was not entitled to further workers' compensation benefits pursuant to Workers' Compensation Law § 15 (4-a); matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The SLU award for the total loss of use of an arm is 312 weeks, entitling claimant, for her 40% SLU of her left arm, to an award of 40% of 312 weeks, or 124.8 weeks (see Workers' Compensation Law § 15 [3] [a], [s]).

Footnote 2: Under Workers' Compensation Law § 14 (5), if an employee under the age of 25 is injured at work, the Board may, in setting the amount of earnings or average weekly wages, consider what the employee would have made in future years had the injury not occurred (see Matter of Maw v Wal-Mart, 80 AD3d 921, 922 [3d Dept 2011]). That future wage expectancy, which is only used for permanent disabilities, not temporary ones (see id. at 923), recognizes that wages of those under age 25 are generally less than those of adults in like employment and "provide[s] that the increase toward adult wages which would naturally and normally come to the injured employee with years, efficiency and skill, may be considered in fixing the average weekly wage for compensation during the period of the award in the future" (Matter of Lamiano v Sousa & Sons, 158 AD2d 818, 819 [3d Dept 1990] [internal quotation marks, ellipsis, brackets and citation omitted]).

Footnote 3: If the temporary total disability is not protracted as defined by Workers' Compensation Law § 15 (4-a), then an SLU award for a permanent partial disability subsumes the previous period of temporary total disability (see Matter of Sanchez v Jacobi Med. Ctr., 182 AD3d 121, 126 [3d Dept 2020]). We have held that, upon an award for an SLU, the carrier or employer is entitled to credit for prior awards for non-protracted temporary total and partial disability (see Matter of Robinson v Workmen's Circle Home, 164 AD3d 1000, 1001 [3d Dept 2018], lv denied 34 NY3d 910 [2020]).