Matter of Northrop v Amphenol Corp. (2024 NY Slip Op 05013)

Matter of Northrop v Amphenol Corp.

2024 NY Slip Op 05013

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-1764
[*1]In the Matter of the Claim of Suzette Northrop, Claimant,
v
Amphenol Corp. et al., Appellants, and Sentry Casualty Company, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Law Offices of John Wallace, Albany (Michael D. Violando of counsel), for appellants.
Vaughan Baio and Partners, Syracuse (Cory A. DeCresenza of counsel), for Sentry Casualty Company, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed March 23, 2023, which ruled that Travelers Indemnity Company of America is responsible for claimant's workers' compensation benefits.
In May 2007, claimant first sought medical attention for tingling in her hands and she filed a claim for workers' compensation benefits. In February 2008, claimant was diagnosed with mild carpal tunnel syndrome of the right wrist. Claimant continued working until September 2020, when she again sought medical attention for carpal tunnel syndrome and arthritis. In October 2020, Travelers Indemnity Company of America filed a first report of injury agreeing to liability for claimant's condition, listing a date of injury of November 2007. Travelers thereafter approved a request for right carpal tunnel release surgery on November 3, 2020 and began paying benefits.
In April 2021, a hearing was held addressing the extent of claimant's disability, the rate of compensation, claimant's average weekly wage and the date of disablement. At the hearing, Travelers argued that the date of disablement should be set at either May 1, 2007 or February 14, 2008, corresponding to the dates that claimant first sought medical attention and was initially diagnosed. Following the hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for occupational disease involving both wrists and the right thumb, set the date of disablement as September 1, 2020, determined the average weekly wage, and directed Travelers to pay disability awards. Travelers appealed, contending only that the WCLJ erred in setting the date of disablement as September 1, 2020 and, upon review, the Workers' Compensation Board affirmed the WCLJ's determination.
Following the Board's affirmance, Travelers filed a request for further action, arguing, for the first time, that it was not the proper carrier for the claim, and shortly thereafter requested that Sentry Casualty Company be placed on notice as the proper carrier. Sentry subsequently filed a first report of injury and argued, among other things, that it should not be named as the responsible carrier due to the doctrine of laches. Following a hearing, the WCLJ determined that Travelers remained the carrier responsible for the claim, concluding that it was barred from denying coverage by the doctrine of laches. Upon review, the Board affirmed, and Travelers appeals.
We affirm. "The doctrine of laches can apply in workers' compensation cases when there has been an inexcusable delay in raising the defense of noncoverage together with actual injury or prejudice" (Matter of Manticoff v American Bldg. Maintenance, 63 AD3d 1308, 1309 [3d Dept 2009] [internal quotation marks and citations omitted]; accord Matter of Trombino v FMB Inc., 210 AD3d 1212, 1214 [3d Dept 2022]). "The Board's determination regarding the applicability of the laches doctrine will not be disturbed on appeal if supported by substantial evidence" (Matter of Fuller [*2]v Jackson, 205 AD3d 1291, 1292 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Bakerian v Washington County, 212 AD3d 969, 970 [3d Dept 2023]).
The record reflects that Travelers' coverage for claimant ended in 2009 and that Sentry provided coverage for claimant going forward from May 2011. However, despite its coverage ending in 2009, Travelers accepted the claim in October 2020, approved claimant's surgery a month later and began paying benefits. During the April 2021 hearing, Travelers argued that the date of disablement should be set as occurring in 2007 or 2008, with a corresponding calculation of claimant's average weekly wage. Travelers did not raise the issue of noncoverage either during the hearing — despite the WCLJ rejecting its request for a 2007 or 2008 date of disablement and finding that a September 1, 2020 date of disablement is appropriate — or in its administrative appeal of the WCLJ's decision. Travelers has also failed to adequately explain its delay in raising noncoverage and requesting Sentry to be put on notice. Accordingly, Travelers has not demonstrated an excusable delay in contesting coverage (see Matter of Trombino v FMB Inc., 210 AD3d at 1215; Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d 1218, 1219 [3d Dept 2018]). Additionally, substantial evidence supports the Board's finding that Sentry suffered prejudice by Travelers' delay in contesting coverage. By not disputing coverage until after the claim had been established, Travelers prevented Sentry from investigating and presenting its own evidence to challenge the claim (see Matter of Trombino v FMB Inc., 210 AD3d at 1215; Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d at 1219; Matter of Finchum v Colaiacomo, 55 AD3d 1084, 1086 [3d Dept 2008]). In light of the foregoing, we will not disturb the Board's invocation of the doctrine of laches barring Travelers from disputing coverage (see Matter of Trombino v FMB Inc., 210 AD3d at 1215; Matter of Nunez v Ulster BOCES/Arden Hill, 167 AD3d at 1219-1220; Matter of Finchum v Colaiacomo, 55 AD3d at 1086-1087).
Sentry's argument, raised as an alternative ground for affirmance, that Travelers has waived the issue of coverage by failing to timely raise this issue as required by Workers' Compensation Law § 23, has been rendered academic by this determination.
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.